DUDLEY H. CHASE, APPELLEE, v. BOARD OF TRUSTEES OF THE NEBRASKA STATE COLLEGES, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT.

235 N. W. 2d 223

Filed November 13, 1975. No. 39931.

William A. Harding of Nelson, Harding, Marchetti, Leonard & Tate, for appellant.

Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a declaratory judgment action to determine whether the action of the defendant Board of Trustees of the Nebraska State Colleges was effective to terminate the employment of the plaintiff as a tenured professor at Chadron State College. The District Court for Lancaster County determined that the action of the defendant did not result in termination of the plaintiff's teaching employment and that plaintiff continues to be employed by the defendant as a tenured teacher. The defendant board of trustees has appealed.

The essential facts in this case have been stipulated by the parties. The plaintiff was a tenured instructor at Chadron State College, assigned to teach foreign languages. In December 1973, plaintiff was notified that his employment would be terminated at the end of the 1973-74 term for the reason that Chadron State College would no longer offer foreign language courses. Pursuant to the rights granted to plaintiff by the tenure provisions applicable to the administration of the Nebraska State Colleges, a hearing was held before a special faculty committee on January 24, 1974, for the purpose of making a record for submission to the trustees

of the defendant board, who are the only persons empowered to terminate plaintiff's employment. Pursuant to call, and after due notice to the plaintiff, a special meeting of the defendant board of trustees was held in Lincoln, Nebraska, on May 24, 1974, for the purpose of considering the termination of plaintiff's position as a tenured instructor at Chadron State College. At the meeting of May 24, 1974, four of the seven members of the board of trustees were present. The plaintiff and the administration of Chadron State College offered evidence, including the record made at the January 24, 1974, faculty hearing, for consideration by the board of trustees in making its determination. At the close of the hearing, and after consideration, a motion that plaintiff's employment be terminated was made and seconded. Three of the four members of the board of trustees present voted "aye" and one voted "no."

On June 8, 1974, a regular meeting of the board of trustees was held at which the matter of the termination of plaintiff's employment was again considered, based upon the transcript of the May 24, 1974, meeting. Notice of the June 8, 1974, meeting was given in accordance with section 84-1402, R. S. Supp., 1974, and consideration of plaintiff's termination was placed on the agenda of that meeting in accordance with that section, but the plaintiff was not specifically notified that the matter of his termination, based upon the transcript of the May 24, 1974, hearing, would be considered at the meeting of June 8, 1974. At the June 8, 1974, meeting a motion that plaintiff's employment be terminated was made and seconded. Six members of the board of trustees were present. Five members voted "aye" and one member voted "no." On June 18, 1974, counsel for the plaintiff was given official notice of the action of the board on June 8, 1974, with respect to the termination of plaintiff's contract. This action was filed on June 20, 1974. The District Court found that section 79-1254.02, R. S. Supp., 1974, is not ambiguous and applies to the defend-

ant board; that an action to terminate a teaching contract requires the affirmative vote of a majority of the members of the board; that the vote of May 24, 1974, was the final action of the defendant board of trustees, was not effective to terminate plaintiff's employment; and that the vote of June 8, 1974, was void and of no effect. The District Court therefore ruled that plaintiff's teaching employment had not been terminated and that plaintiff continued to be employed as a tenured teacher at Chadron State College.

A major issue on appeal is whether or not section 79-1254.02, R. S. Supp., 1974, applies to the defendant Board of Trustees of the Nebraska State Colleges. That section provides: "The contracts of the teaching staff employed by the governing board of any state technical community college, educational service unit, or any educational program administered by the State Department of Education, the Department of Public Institutions, or any political subdivision of the state, shall require the sanction of a majority of the members of such governing board. Each such contract shall be deemed renewed and in force and effect until a majority of the board votes, sixty days before the close of the contract period, to amend or terminate the contract. The secretary of the board shall notify each teacher in writing at least ninety days before the close of the contract period of any conditions of unsatisfactory performance or a reduction in teaching staff that the board considers may be cause to either amend or terminate the contract for the ensuing year. Any teacher so notified shall have the right to file within five days of receipt of such notice a written request with the board for a hearing before the board. Upon receipt of such request, the board shall order the hearing to be held within ten days, and shall give written notice of the time and place of the hearing to the teacher. At the hearing, evidence shall be presented in support of the reasons given for considering amendment or termination of the contract;

and the teacher shall be permitted to produce evidence related thereto. The board shall render the decision to amend or terminate a contract based on the evidence produced at the hearing."

It should be noted at this point that the stipulation of facts includes the stipulation that "The Board of Trustees of the Nebraska State Colleges is a political subdivision of the State of Nebraska."

The defendant contends that the Legislature did not intend section 79-1254.02, R. S. Supp., 1974, to cover the defendant Board of Trustees of the Nebraska State Colleges. This court has consistently held that where a statute is unambiguous, there is no room for construction. See Rudder v. American Standard Ins. Co. of Wisconsin, 187 Neb. 778, 194 N. W. 2d 175. In view of the fact stipulation here, there can be no doubt that the defendant is a political subdivision of the state and that it is administering an educational program. The language of section 79-1254.02, R. S. Supp., 1974, is not ambiguous and is applicable to actions by the defendant in terminating plaintiff's contract as an instructor at Chadron State College. The determination of the District Court on this issue was correct.

The defendant next contends that section 79-1254.02, R. S. Supp., 1974, requires only the votes of a majority of a quorum of the board to terminate a contract, and that the action of the board at the meeting of May 24, 1974, was therefore sufficient in itself to constitute an effective and legal termination.

In the absence of a contrary statutory provision, a majority of a quorum which constitutes a simple majority of a collective body may act for that body. See Houser v. School Dist. of South Sioux City, 189 Neb. 323, 202 N. W. 2d 621. The Houser case involved a statutory provision for the termination of a teacher's contract, and the language involved was "a majority of the members of the board." We held that "a majority of the members of the board" meant a majority of all mem-

bers of the board and not merely a majority of a quorum. In section 79-1254.02, R. S. Supp., 1974, original contracts of teaching staff require the sanction "of a majority of the members of such governing board." The next sentence, however, provides that such a contract shall remain in effect "until a majority of the board" votes to amend or terminate it. The latter language is the language with which we are concerned here. In the context of section 79-1254.02, R. S. Supp., 1974, however, we believe the Legislature intended "a majority of the board" to require a majority of all members of the board and not merely a majority of a quorum. The determination of the District Court on this issue was correct.

The crucial issue here is whether or not the vote of a quorum of the board on May 24, 1974, constituted a final action of the board which could not be considered thereafter without a new notice to plaintiff and a new hearing. The sole basis for plaintiff's challenge here rests on the fact that only three of the four members constituting the quorum at the meeting of May 24, 1974, voted for termination. Plaintiff wishes to treat the vote as though it were a final and effective decision by the board to retain plaintiff simply because the statute provides that his contract shall be deemed to be in effect until a majority of the board votes to terminate it. Plaintiff also argues that the vote was a final action to retain him and is not subject to reconsideration and action by the full board later without a new notice and a new hearing. We disagree.

Section 79-1254.02, R. S. Supp., 1974, does not set any time limit after the hearing within which the board shall vote or render its decision, but requires only that the decision be based on the evidence produced at the hearing. The stipulation of facts establishes that the action of the board of trustees at the meeting on June 8, 1974, was based upon the evidence at the May 24 hearing.

As a general rule, administrative determinations are not final when they are interlocutory, incomplete, provisional, or not yet effective. See 2 Am. Jur. 2d, Administrative Law, § 522, p. 331. If there was any determination or decison made by the three-to-one vote on May 24, 1974, it was a determination to terminate plaintiff's contract, but that decision was not effective because it did not receive the requisite vote required by statute. An agency determination obviously cannot be final if it is not an effective determination, much less if it is no determination at all. It should be noted at this point that the fact stipulation is completely silent as to what official declaration, if any, was made by the chairman after the three-to-one vote for termination at the May 24, 1974, meeting. It is notable also that the stipulation does not indicate there was any notice to the plaintiff of any action by the board until after the June 8, 1974, meeting. The implication is that the vote at the May 24, 1974, meeting was regarded as ineffective to constitute any official action of the board.

In Hadlock v. Nebraska Liquor Control Comm., 193 Neb. 721, 228 N. W. 2d 887, this court considered a similar issue as to the effectiveness of a vote of the governing body of a first class city. In that case the statute required the local governing body to hold a hearing, after notice, and after the hearing, to enter in the minute record of its proceedings a resolution recommending either issuance or refusal of a liquor license. Applicable statutes required a majority vote of all members elected to the city council to pass any measure. After the hearing, a resolution that the city council recommend denial of the license involved was moved and seconded. There were five elected members of the council. On the rollcall vote, two council members voted "aye," one voted "nay," one councilman did not vote, and one councilman was absent. The summary of the council minutes was forwarded to the Liquor Control Commission and referred to as "council action relative to hearing." The Liquor

Control Commission found that the city council had recommended denial of the application and based its own decision on that assumed fact. This court reversed and said: "The vote here was clearly ineffective to constitute any official action of the governing body. It did not constitute a recommendation of denial from the city * * *." Obviously it did not constitute a recommendation of approval either. The same principle can and should be applied here.

In the absence of a contrary statute or rule, at a meeting of an administrative body where a quorum is present, a vote which is insufficient and ineffective to constitute any official action of the board does not deprive the board of power and jurisdiction to make an effective final determination on the issue at a subsequent meeting of the board. The three-to-one vote of May 24, 1974, was ineffective to constitute any official action of the Board of Trustees of the Nebraska State Colleges. Being a nullity and ineffective, it was not a final determination, nor did it divest the board of trustees of all jurisdiction and power to make a determination at a later meeting which would be final and effective.

The record establishes that the action of the board in rendering its decision to terminate plaintiff's contract on June 8, 1974, was based on the evidence produced at the hearing on May 24, 1974. Unless due process demands a new notice to the plaintiff and a new hearing, the decision by the full board at its meeting on June 8, 1974, was a final decision which complied with all requirements of section 79-1254.02, R. S. Supp., 1974, and was effective to terminate plaintiff's contract.

In general, due process requirements grafted to a hearing before an administrative agency have greater flexibility than when applied to a judicial tribunal. That flexibility is reflected in the general rule that: " 'The demands of due process do not require a hearing at the initial stage, or at any particular point, or at more than one point in an administrative proceeding

so long as the requisite hearing is held before the final order becomes effective.'" Forkosch, A Treatise on Administrative Law, § 58, p. 70. See, also, Opp Cotton Mills, Inc. v. Administrator, 312 U. S. 126, 61 S. Ct. 524, 85 L. Ed. 624; 2 Am. Jur. 2d, Administrative Law, § 406, p. 214. The notice and hearing here fully met the requirements of due process, and the final determination by the board on June 8, 1974, was based on the evidence produced at that hearing.

The findings of the District Court that the vote on May 24, 1974, was the final action of the board, and that the vote of June 8, 1974, was void, were incorrect. The vote of June 8, 1974, was a valid and final action of the board of trustees and was effective to terminate plaintiff's employment as a tenured teacher at Chadron State College.

The judgment of the District Court is reversed.

REVERSED.