FRANK RONALD KIBBON ET AL., APPELLANTS, V. THE SCHOOL DISTRICT OF OMAHA, IN THE COUNTY OF DOUGLAS, IN THE STATE OF NEBRASKA, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.

242 N. W. 2d 634

Filed June 2, 1976. No. 40482.

Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, for appellants.

Alex M. Clarke and David M. Pedersen of Baird, Holm, McEachen, Pedersen, Hamann & Haggart, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The plaintiffs were employed as probationary teachers by the defendant, the School District of Omaha, a Class V district, during the 1974-75 school year. On March 26, 1975, the plaintiffs were notified they had not been reelected for the following year. The plaintiffs each requested a specification of the reasons why they were not being reemployed and a hearing before the board of education to determine if just cause existed for the termination of their employment. The board of education denied their requests.

This action was brought to obtain a declaratory judgment declaring the action of the school district in terminating the employment of the plaintiffs void and in violation of their rights under section 79-1254.02, R. S. Supp., 1975. The trial court originally found in favor of the plaintiffs but later sustained a motion for new trial and dismissed the action. The plaintiffs appeal.

There is no issue of fact in this case. The parties are in agreement that the sole issue is whether section 79-1254.02, R. S. Supp., 1975, is applicable to a Class V school district such as the defendant.

In 1943, the Legislature enacted a law providing a system of tenure for teachers in schools in cities having a population of 40,000 inhabitants or more. Laws

1943, c. 202, p. 673. That act, as amended, is now found in sections 79-1255 to 79-1262, R. R. S. 1943, and is applicable to Class IV and Class V school districts. Section 79-1256 provides that all teachers upon first employment shall be classified as probationary teachers. During the probationary period the school board may or may not renew the annual contract of a probationary teacher as the board shall see fit. The defendant contends that section 79-1256 was applicable to the contracts of the plaintiffs and the board of education was authorized to terminate the employment of the plaintiffs without a hearing or finding of just cause.

The plaintiffs contend that section 79-1254.02, R. S. Supp., 1975, was the applicable statute. Section 79-1254.02 is an "instant tenure" type law that contains no provision for a probationary period for newly hired teachers. If the plaintiffs' contention is correct the Legislature has abolished probationary teachers in Class IV and V school districts and all teachers in those districts now have tenure from the time of their first employment. The importance of this question is apparent because approximately 45 percent of the teachers employed annually by the defendant from 1972 to 1975 were classified as probationary teachers.

Section 79-1254.02, when first enacted as section 1 of L.B. 422 by the 1973 Legislature, provided as follows: "The contracts of the teaching staff employed by the governing board of any state technical community college, educational service unit, or any educational program administered by the State Department of Education, the Department of Public Institutions, or any political subdivision of the state, shall require the sanction of a majority of the members of such governing board. Each such contract shall be deemed renewed and in force and effect until a majority of the board votes, sixty days before the close of the contract period, to amend or terminate the contract. The secretary of the board shall notify each teacher in writing at least ninety

days before the close of the contract period of any conditions of unsatisfactory performance or a reduction in teaching staff that the board considers may be cause to either amend or terminate the contract for the ensuing year. Any teacher so notified shall have the right to file within five days of receipt of such notice a written request with the board for a hearing before the board. Upon receipt of such request, the board shall order the hearing to be held within ten days, and shall give written notice of the time and place of the hearing to the teacher. At the hearing, evidence shall be presented in support of the reasons given for considering amendment or termination of the contract, and the teacher shall be permitted to produce evidence related thereto. The board shall render the decision to amend or terminate a contract based on the evidence produced at the hearing."

Section 2 of L.B. 422, now section 79-1254.03, provided the act should be construed as a minimum standard and not a repeal of any other law providing additional contract rights.

The introducer's statement of purpose stated that L.B. 422 provided a due process procedure for the amendment or termination of teaching contracts for all state public schools except those governed by the Board of Regents; the Board of Trustees of the State Colleges; and the public elementary and secondary school districts. It further stated that the bill would result in the same contract relation for Voc-Tech and ESU personnel as then in effect for elementary and secondary school personnel.

As introduced, the bill excepted the Board of Regents, the Board of Trustees of State Colleges, and Class I, II, III, and VI school districts. In committee an amendment was proposed which excluded teachers covered by section 79-1254 and sections 79-1255 through 79-1262, R. R. S. 1943. This amendment would have excluded teachers in all school districts, Class I through VI.

Later, a further amendment was proposed which struck the language referring to teachers excepted from the bill's operation and inserted language to state positively the institutions to which the bill would apply. This later amendment was adopted by the Legislature on April 12, 1973, and the bill was enacted in that form. The committee statement which accompanied the bill stated that it would establish due process procedures for termination of teacher contracts for all teachers not currently provided for, but especially of the Vocational-Technical Community Colleges and educational service units. It further stated that the bill, as amended, stated positively what the bill would include rather than what it would exclude.

Section 79-1254.02 was amended twice by the 1975 Legislature. L.B. 82, effective February 26, 1975, made important changes in section 79-1254 which is applicable to Class I, II, III, and VI school districts. It established a system of tenure for school districts of those classes somewhat similar to the system established by sections 79-1255 through 79-1262 for Class IV and V districts. It supplemented the 1971 amendment to section 79-1254 which was considered in Schultz v. School Dist. of Dorchester, 192 Neb. 492, 222 N. W. 2d 578, and Schultz v. School Dist. of Dorchester, 367 F. Supp. 467.

L.B. 82 also amended section 79-1254.02 by adding the requirement of just cause for the amendment or termination of contracts. There was no change in the language of section 79-1254.02 which affected its applicability to elementary and secondary school districts.

L.B. 493, effective April 14, 1975, further amended section 79-1254.02 by inserting a specific provision excepting Class I, II, III, or VI school districts from its operation. The board of education of the defendant had voted on March 17, 1975, to terminate the plaintiffs' contracts, and had notified the plaintiffs on April 9, 1975, that their requests for hearings were denied. Thus, the amendment became effective after the action of the

board, which is the subject of this action, had taken place.

L.B. 493, as originally introduced, related to attendance reports by teachers in Class I districts. The amendment to section 79-1254.02 was offered as a floor amendment after L.B. 493 had been returned to select file for a specific amendment on March 26, 1975. The explanation for the amendment, made at the time, related to the 90-day notice provision in section 79-1254.02.

The plaintiffs contend that section 79-1254.02 is applicable to the defendant because the defendant is a political subdivision and the statute applies to the contracts of the teaching staff employed by the governing board of any state technical community college, educational service unit, or any educational program administered by the State Department of Education, the Department of Institutions, "or any political subdivision of the state." The plaintiffs also rely on Chase v. Board of Trustees of Nebraska State Colleges, 194 Neb. 688, 235 N. W. 2d 223, in which section 79-1254.02, R. S. Supp., 1974, was held applicable to Chadron State College. The opinion in that case stated there was no ambiguity in the language of the statute and no room for construction.

The problem involved in this case was not presented in Chase v. Board of Trustees of Nebraska State Colleges, *supra.* There was no separate statutory system of tenure specially applicable to the state colleges. Here there is a statutory system of tenure, applicable only to Class IV and V school districts that has been in effect since 1943. Each of these laws, section 79-1254.02 and section 79-1256, standing alone, appear to be applicable. Since they are in conflict they present a question of statutory construction to determine which law is applicable and controlling.

It is a well-established rule that special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes

so far as there is a conflict. Houser v. School Dist. of South Sioux City, 189 Neb. 323, 202 N. W. 2d 621. Where general and special provisions of statutes are in conflict, the general law yields to the special, without regard to priority of dates in enacting the same, and a special law will not be repealed by general provisions unless by express words or necessary implication. Bass v. County of Saline, 171 Neb. 538, 106 N. W. 2d 860.

Section 79-1254.02 is a general law applying to the contracts of the teaching staff employed by the governing board of any state technical community college, educational service unit, or any educational program administered by the State Department of Education, the Department of Institutions, or any political subdivision of the state. Section 79-1256 is a special law that is applicable only to Class IV and V school districts. Section 79-1254.02, being the general law, is not applicable to the defendant.

The judgment of the District Court was correct and it is affirmed.

AFFIRMED.