SANITARY AND IMPROVEMENT DISTRICT # 222 OF DOUGLAS COUNTY, NEBRASKA, APPELLANT, V. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, ET AL., APPELLEES.

266 N. W. 2d 73

Filed May 17, 1978. No. 41512.

Walsh, Walentine & Miles, for appellant.

John R. Barton of Crossman, Barton & Norris and August P. Ross of Ross & Mason, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This appeal presents the single issue of whether or not a special assessment must be 2 years delinquent before a city, village, or sanitary and improvement district may proceed to foreclose liens as authorized by section 77-1917.01, R. R. S. 1943. The defendants-appellees, who are parties having an interest in the real property which is the subject of the action, assert that section 77-1901, R. R. S. 1943, which provides that after a parcel of real estate has been offered for sale for 2 consecutive years the county board shall make an order directing foreclosure, is, by virtue of the provisions of section 77-1858, R. R. S. 1943, at least so far as the 2-year period is concerned, incorporated into or is a condition precedent to foreclosure under the provisions of section 77-1917.01, R. R. S. 1943. Section 77-1858, R. R. S. 1943, among other things, says: " . . . all provisions of said revenue law now in force with reference to the collection of taxes shall apply with equal force to all taxes and special assessments levied by said county, municipality, drainage district, or other political subdivision of the state." The trial court sustained demurrers to the petition and dismissed the action. We reverse and remand for further proceedings.

Section 77-1917.01, R. R. S. 1943, insofar as pertinent, provides as follows: "All cities, villages and sanitary and improvement districts in Nebraska shall have a lien upon real estate within their bound-

aries for all special assessments due thereon to the municipal corporation or district, which lien shall be inferior only to general taxes levied by the state and its political subdivisions. When such special assessments have become delinquent, without the real property against which they are assessed being first offered at tax sale by the tax sale certificate method or otherwise, the municipal corporation or district involved may itself as party plaintiff proceed in the district court of the county in which the real estate is situated to foreclose, in its own name, the lien for such delinquent special assessments in the same manner and with like effect as in the foreclosure of a real estate mortgage, except as otherwise specifically provided by sections 77-1903 to 77-1917, which shall govern when applicable. . . . The remedy granted in this section to cities, villages and sanitary and improvement districts for the collection of delinquent special assessments shall be cumulative and in addition to other existing methods."

Section 77-1901, R. R. S. 1943, provides: "Counties shall have a lien upon real estate within their boundaries for all taxes due thereon to the state, any governmental subdivision of the state, any municipal corporation and any drainage or irrigation district. After any parcel of real estate has been offered for sale for two consecutive years and not sold for want of bidders, the county board shall make and enter an order directing the county attorney to foreclose the lien for all taxes then delinquent, in the same manner and with like effect as in the foreclosure of real estate mortgages, except as otherwise specifically provided by sections 77-1903 to 77-1917."

Section 77-1858, R. R. S. 1943, provides: "Whereever power is now given by the revenue laws of this state to the county treasurer of any county in this state to sell real estate, on which the taxes shall not have been paid as provided by law, it shall include the power to sell said real estate for all the taxes

and special assessments levied or hereafter levied by any county, municipality, drainage district, or other political subdivision of the state, and all provisions of said revenue law now in force with reference to the collection of taxes shall apply with equal force to all taxes and special assessments levied by said county, municipality, drainage district, or other political subdivision of the state."

The position of the defendants must be rejected for a number of reasons. First, section 77-1917.01, R. R. S. 1943, was enacted in 1961, becoming effective on May 18, 1961. See Laws 1961, c. 387, §§ 1 and 2, pp. 1182, 1183. That statute is an independent act, affording a remedy which did not previously exist, i.e., a direct foreclosure proceeding by the levying municipality or district against the real estate which is subject to the special assessment lien. Previous to enactment of section 77-1917.01, R. R. S. 1943, cities, etc., were limited in the means by which they could collect delinquent assessments. They could not themselves bring an action for sale of the property. State ex rel. Ransom v. Irey, 42 Neb. 186, 60 N. W. 601. County treasurers could, but were not required to, include the special assessments in a tax sale and the governmental subdivisions in that case could become the purchasers at the county treasurer's tax sale, or could purchase from the county any tax sale certificate held by it and could then foreclose all liens. § 77-1810, R. R. S. 1943; Drainage District No. 1 v. Kirkpatrick-Pettis Co., 140 Neb. 530, 300 N. W. 582. They could, under some circumstances, exercise a right of redemption in a proceeding brought for the foreclosure of general taxes. Dent v. City of North Platte, 148 Neb. 718, 28 N. W. 2d 562.

It is evident that before section 77-1917.01, R. R. S. 1943, became law, the city or other subdivisions of government had no control in the enforcement of their liens for special assessments. The subdivisions, therefore, were at the mercy of the county

boards and the county attorneys in the matter of collecting delinquent special assessments. It is a notorious fact that in many cases counties were not, in fact, carrying out their statutory duties. The subdivisions needed an independent remedy in order that they might meet the obligations for the payment of the bonds issued to pay for the various improvements. Such bonds would come due in a schedule established by the municipality at the time of issuance. See, sections 16-652, 16-653, 17-515, and 17-516, R. R. S. 1943, and 31-753 and 31-755, R. S. Supp., 1976, and the numerous other statutes which authorize the issuance of bonds to pay for the improvements and set the limits governing the due dates thereof. Under the circumstances outlined, the ability of the obligor to meet bond payment schedules could depend upon the action or inaction of the responsible county officials.

It is presumed that the Legislature has full knowledge and information of the subject matter of the statute, as well as the relevant facts relating to prior law and existing pertinent legislation, and has acted with respect thereto. City of Grand Island v. Ehlers, 180 Neb. 331, 142 N. W. 2d 770; Wilkinson v. Lord, 85 Neb. 136, 122 N. W. 699.

Second, the substance of section 77-1917.01, R. R. S. 1943, and the time of its enactment are inconsistent with the theory of the defendants that the previously quoted provisions of section 77-1858, R. R. S. 1943, incorporate the 2-year delinquency provision of section 77-1901, R. R. S. 1943, into section 77-1917.01, R. R. S. 1943. Section 77-1858, R. R. S. 1943, was enacted at least as early as 1915. See Laws 1915, c. 228, § 1, p. 531. It incorporated, so far as pertinent, "all provisions of said revenue law now in force." This provision could incorporate section 77-1901, R. R. S. 1943, or its similar predecessors then in force, into then existing statutes. It could not, however, have the effect of incorporating section 77-1901, R.

R. S. 1943, into section 77-1917.01, R. R. S. 1943, which did not become law until 1961.

The rule of in pari materia construction of statutes does not permit the use of a previous statute to control by way of former policy, plain language of a subsequent statute, or to add a restriction not included in or expressly excluded from the later statute. People ex rel. Pellow v. Byrne, 272 Mich. 284, 261 N. W. 326.

The subject matter of section 77-1858, R. R. S. 1943, is the authorization to the county treasurer to include special assessments in the sale of real estate at tax sale for general taxes. This statute is obviously inconsistent with section 77-1917.01, R. R. S. 1943, which pertains to the foreclosure of delinquent special assessments by the subdivision as plaintiff "without the real property against which they are assessed being first offered at tax sale by the tax sale certificate method or otherwise."

Third, the provisions of section 77-1917.01, R. R. S. 1943, are clear and unambiguous. That statute affords the subdivisions of government an additional remedy previously not available. Its express words exclude incorporation of section 77-1901, R. R. S. 1943, for section 77-1917.01, R. R. S. 1943, contains no limitation "except as otherwise specifically provided by sections 77-1903 to 77-1917, which shall govern when applicable." This is certainly as clear as if section 77-1917.01, R. R. S. 1943, expressly excluded section 77-1901, R. R. S. 1943, by section number. Where a statute is unambiguous, there is no need for construction. Chase v. Board of Trustees of Nebraska State Colleges, 194 Neb. 688, 235 N. W. 2d 223.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.