REQUESTED BY: David O. Coolidge, Director-State Engineer, Nebraska Department of Roads, P.O. Box 94759, Lincoln, Nebraska, 68509.
1. Legislative Bill 285 of the 1981 Legislature, in Section 3, paragraph 1(c) inserted gross between the words maximum and weight dealing with up to 25% greater loads for seasonally harvested products. How does the inclusions ofgross affect the axle limitation of 20,000 pounds in Neb.Rev.Stat. § 39-6,180 (Supp. 1980), paragraph (2) with respect to the maximum gross weight specified by law?
2. The existing statute allows up to 25% greater than the maximum weight specified by law on single axle weights, as well as the loads in the tables of section 39-6,180. L.B. 285 appears to only increase the table values when gross weight is considered. Is this correct?
3. Are the table values in Neb.Rev.Stat. § 39-6,180
(Supp. 1980) still valid when considering interior loads and does the `maximum gross weight' of L.B. 285 apply only to the vehicle's total weight?
1. The axle weight limitations of Neb.Rev.Stat. 39-6, 180 (Supp. 1980) are not affected by the inclusion of the word gross in paragraph 1(c) of Section 3 of Legislative Bill 285.
2. Yes. Neb.Rev.Stat. § 39-6,181 (Supp. 1980), before amendment by L.B. 285, allowed axle weights as well as gross weights to be increased by 255 by special permit. Upon the effective date of L.B. 285, only the maximum gross weight specified by law may be increased by special permit.
3. Yes.
L.B. 285 of the Eighty-Seventh Legislature, First Session, provides in pertinent part as follows:
 `Sec. 3. That section 39-6,181, Revised Statutes Supplement, 1980, be amended to read as follows:
 39-6,181. (1) The Department of Roads or the Nebraska State Patrol with respect to highways under their jurisdiction including the National System of Interstate and Defense Highways, and county authorities with respect to highways under their jurisdiction may in their discretion upon application and good cause being shown therefor, issue a special permit in writing authorizing the applicant . . . (c) to operate vehicles loaded up to twenty-five per cent greater than the maximum gross weight specified by law, or up to ten per cent greater than the maximum length specified by law, or both, when carrying grain or other seasonally harvested products from the field where they are harvested to storage, market, or stockpile in the field, or from storage or stockpile to market or factory when failure to move in abundant quantities would cause an economic loss to the person or persons whose product or products are being transported or when failure to move such product or products in as large quantities as possible would not be in the best interests of the national defense or general welfare, . . .'
In our opinion, the addition of the word `gross' by L.B. 285 to the phrase `maximum weight specified by law' in section 39-6,181, limits the allowance of 25% overweight by special permit to total gross vehicle weight. This means that permits issued pursuant to this section may not be issued for 25% overweight on either axle weights or interior bridge weights. The term `maximum gross weight' is not defined by statute, however, it is our understanding that the Department of Roads has, for a considerable period of time, interpreted `total gross weight' to mean the maximum permissible weight of both a vehicle and its load. This interpretation was necessitated by paragraph 4 of section 39-6,181, which requires the Department of Roads to state on the permit itself, the maximum weight permissible on an axle or combination of axles and the total grossweight allowed.
 "There is a general rule of statutory construction that interpretation of a statute given by an administrative agency to which the statute is directed is entitled to great weight." ATS Mobile Telephone, Inc. v. Curtin Call Communications, Inc., 194 Neb. 404, 232 N.W.2d 248
(1975).
It is presumed that the Legislature has full knowledge and information of the subject matter of a statute, as well as relevant facts relating to prior law. Sanitary and ImprovementDist. No. 222 v. Metropolitan Life Ins. Co.,201 Neb. 10, 266 N.W.2d 73 (1978). In this case, it must be presumed that the Legislature had full knowledge of the law and the distinction between gross vehicle weights and axle weights. Further, because the existing statute was interpreted by the Nebraska Department of Roads to allow increases in both gross weights and axle weights, it must be presumed that the Legislature meant to effect a change in that procedure by amending the statute. That charge was to limit the issuance of special permits to allow increases in only gross vehicle weights.
 "In the construction of a statute, no sentence, clause, or word should be rejected as meaningless or superfluous and the plain and ordinary meaning of all language employed should be taken into account in order to determine the legislative will." Weiss v. Union Ins. Co., 202 Neb. 469, 276 N.W.2d 88 (1979).
The interpretation that we have given the word `gross' in Section 3, paragraph 1(c) of L.B. 285 is, in our opinion, the only logical, consistent interpretation that may be given the word without rejecting it as superfluous.
Very truly yours, PAUL L. DOUGLAS Attorney General John E. Brown Assistant Attorney General Approved:Paul L. Douglas
Attorney General