REQUESTED BY: Senator Ernest Chambers Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Chambers:
You have forwarded to us a second final reading copy of Legislative Bill 155. Legislative Bill 155 enumerates certain consumer rights and remedies in cases where new motor vehicles do not conform to the terms of an express warranty provided by the manufacturer.
You indicate in your letter of referral that you have some concerns in regard to the construction and application of the bill's language. Your questions (your first question has been modified pursuant to your instructions in our telephone conversation on March 31, 1983) and corresponding answers are as follows:
1. Would provisions of an existing statute covering the same or similar subject matter as LB 155 which are more liberal toward the consumer than the provisions of LB 155 supplant the stricter provisions of the bill on account of section 8, which provides, `Nothing in this act shall in any way limit the rights or remedies which are otherwise available to a consumer under any other law.'?
Although it is difficult to fully address this question without being able to apply the question to a specific example, we do not believe that section 8 would have the effect of liberalizing the provisions of LB 155 in cases where other laws had less stringent provisions. The wording of section 8 is merely an expression of intent to leave undisturbed any rights and remedies which may be available to the consumer under existing laws. That is not to say, however, that a consumer could pick out the more favorable elements of other laws in bringing an action under LB 155.
2. Because of section 8, must LB 155 be taken in pari materia with other statutes before its true scope and import may be determined?
In pari materia means `upon the same matter or subject.' Blacks Law Dictionary, Fourth Edition, 1968. The rule of in pari materia construction is that `all statutes relating to the same subject are considered parts of an homogeneous system; so, too, all statutes in pari materia must be taken together and construed as if they were one law and effect given to every provision.' (citation omitted), SunInsurance Company v. Aetna Insurance Company, 169 Neb. 94,106, 107 (1959); Matzke v. City of Seward, 193 Neb. 211
(1975). Although there may be instances where the rule of in pari materia would apply to the construction of certain provisions of LB 155, Section 8 would seem to limit the rule's applicability since the statute purports to establish rights and remedies which are completely independent from those otherwise provided by law. `The rule of in pari materia construction does not permit the use of a previous statute to control the plain language of a subsequent statute or to add a restriction not included in or expressly excluded from the later statute.' Sanitary and ImprovementDistrict No. 222 v. Metropolitan Life Insurance Company,201 Neb. 10, 15 (1978).
However, as before, it is difficult to fully address this question without a particular example in mind. Our initial impression is that due to the independent nature of LB 155 and its applicability to a narrow group of cases involving nonconformity to warranty, there may be few cases where it could be found that there was a preexisting law on the same subject. Nevertheless, one cannot rule out entirely the possibility that in pari materia construction may be used at some time in the future to assist in the interpretation of some portion of the bill, as that portion may be on the same subject as the portion of a preexisting act. For instance, in First Federal Savings Loan Association v.Department of Banking, 187 Neb. 562 (1971), the rule was used to consolidate the provisions of the Administrative Procedures Act with statutes relating to the regulation of savings and loan institutions. Should you have any specific instances in mind regarding this or your other questions, please advise our office if you would like a further consideration of the matter based upon those specifics.
3. Does the statutory scheme created by LB 155 create unacceptable uncertainty and vagueness?
`The established test for vagueness in a statute is whether it either forbids or requires that doing of an action in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' State ex rel. Douglas v. Herrington,206 Neb. 517, 521 (1980). We are of the opinion that LB 155, taken as a whole, would not be found unconstitutionally vague.
4. A. May other provisions of law (e.g., the Uniform Commercial Code) dealing with defective products, warranties and statutes of limitation be construed together with LB 155 and result in a basis for recovery which is broader than either LB 155 or other such provision(s) standing alone?
When you say `basis for recovery' we presume you mean the elements which will need to be proven in order to prevail on an action brought under LB 155. We can foresee of no cases where any of the necessary elements set forth in LB 155 could be eliminated by reference to preexisting statutory provisions. The definition of some of the less welldefined elements of proof under LB 155 or other statutory provisions, such as the Uniform Commercial Code (U.C.C.), could conceivably be clarified by reference to the other, but the basis for recovery under either would not be altered.
B. Has a `statutory circle' been created? E.g., if the U.C.C. were to provide that other pertinent laws apply in a given instance (including LB 155), and LB 155 (section 8) specifically disclaims limiting `any other law' bearing on consumer `rights or remedies', does LB 155, then, by its own terms render itself broader than its terms?
To answer your hypothetical question, if the U.C.C. were to provide that LB 155 would apply in a given instance then it would have been enacted subsequent to LB 155. Consequently, there would be a presumption that the Legislature was aware of the language of section 8 (School Dist. No. 17v. State, 210 Neb. 762 (1982)), and intended to provide for an exclusive cause of action under LB 155 in cases where both the U.C.C. and LB 155 might have otherwise applied but for the limiting provision.
If on the other hand the U.C.C. were to provide that its provisions did not apply in cases where there was a more specific law relating to the rights and remedies of purchasers of certain goods not conforming to warranty, then one would be required to determine the order of adoption of the U.C.C. limitation and Section 8 of LB 155. If the U.C.C. provision was the later, then LB 155 would likely be the exclusive remedy (assuming no other rights and remedies were available to the consumer.) If Section 8 was more recent, then the purchaser would have a cause of action under both acts since the language of Section 8 clearly indicates that all preexisting rights and remedies are to remain intact.
5. The phrase `reasonable number of attempts' to repair a defect, without more, appears in section 3 on page 3, line 8. It also appears in section 4 on page 4, lines 1 and 2 dealing with the establishment of a presumption, but sets a number of `four or more' repair attempts. Section3 is independent of section 4. Is it possible that the naked phrase as used in section 3 (considering particular factual circumstances, case law and `any other law') may be construed in such fashion as to require fewer than `four or more' repair attempts in order to cross the reasonable number of attempts' threshold?
Yes.
6. Don't the general terms of section 3 permit the making of a case without resort to the straitjacket provisions of section 4? In other words, if a consumer chooses not to rely on the presumption provision, isn't possible to make a case without establishing the specific items relative to number of repair attempts and number of days a vehicle may be out of service?
Yes.
7. A. Section 4, being a self-contained statutory scheme dealing exclusively with requirements for establishing a presumption, can its terms be applied to cancel out or supercede the less stringent notice requirements specified in section 2?
We do not believe so. Section 2 sets forth a duty to repair on the part of the manufacturer, its agent or its authorized dealer after the consumer `reports' the nonconformity to him. Section 4 addresses the creation of a presumption that a reasonable number of repair attempts have been made. It requires that written notice by certified mail be given to the manufacturer. Although the statute does not specify at what point in the chain of attempts to have one's motor vehicle repaired the consumer must furnish this notification, this giving of notice is clearly distinct from the reporting requirement of section 2.
B. Would such a restricting application be prohibited by section 8?
Section 8 has nothing to do with the foregoing determination.
8. That the consumer must allege `an opportunity to cure the defect' is found only in section 4 on page 4, line 21. Does the failure to mention it anywhere else in LB 155 mean that it need not be alleged if section 4 is not relied upon?
As you have pointed out, actions brought under section 2 and section 3 of LB 155 do not specifically require the consumer to allege that the manufacturer, its agent or its authorized dealer has been given `an opportunity to cure the defect.' However, one of the allegations required for actions brought under section 3 is that the manufacturer, agent or dealer has been unable to repair the motor vehicle `after a reasonable number of attempts.' This allegation would appear to include within its terms that at least one opportunity to cure the defect has been given. Although a consumer would be well advised to include an allegation that an opportunity to cure the defect was given as this is certainly implied in the statute, it is not expressly required by that section and it possibly could be left up to the defendant to prove that no opportunity to repair was given.
9. Section 5 purports to establish a procedure for `informal dispute settlement' the use of which is optional for manufacturers but mandatory for consumers. In other words, if a manufacturer decides to participate in the scheme, the aggrieved consumer is compelled, under pain of losing all right to sue, to resort to it.
Is such a requirement constitutional especially when, if taken in conjunction with the specified statute of limitations, a person may be foreclosed from suing as a direct result of complying with mandatory provisions of the law itself?
We see no constitutional problems with the requirement that a consumer first resort to the informal dispute settlement procedure prior to proceeding under the provisions of LB 155. First, the consumer does not lose all rights to sue, as your question indicates. Provisions of other laws on the subject would still be available to the consumer. Additionally, no right arises under section 3 of LB 155 until the consumer resorts to the settlement procedure. The fact that a manufacturer is not required to establish or participate in such a procedure would only result in a consumer with that manufacturer's product not having to resort to the procedure before bringing an action under section 3 of LB 155. In this way the law encourages manufacturers to bear the expense of establishing or participating in informal settlement procedures, without going so far as mandating that settlement procedures be adopted.
Additionally, we do not believe a statute of limitations problem would be created on account of the requirement that a consumer first resort to an informal settlement mechanism, if available. It is not necessary to consider the question of whether the problem you perceive would rise to constitutional magnitude since we are of the opinion that the statute of limitations would not run during the time the consumer was resorting to the mandatory informal settlement procedures.
 Statutes of limitations are statutes of repose and they are enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if he has the right to proceed. But the basis of the presumption is gone whenever the ability to resort to the courts has been taken away. The appellee having been restrained from proceeding further by a paramount authority, the period thereof should not be considered in computing the time for the statute of limitations to run and therefore none of its rights have been barred thereby.
Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 65
(1943), cert. denied 320 U.S. 781.
Therefore, if the case should ever arise where the consumer had exceeded the time for bringing actions set by section 6 of LB 155 on account of being involved in the required settlement proceeding, the court would most likely allow additional time for the consumer to file.
10. If `any other law' relative to statutes of limitation were to provide a longer period of time in which to bring action for recovery under express warranties than does LB 155 i.e., page 2, lines 21-24, for example would that longer period prevail, in the light of section 8 which declares, `Nothing in this act shall in any way limit the rights or remedies which are otherwise available to a consumer under any other law?
We assume by this that you are asking whether a law providing a longer statute of limitations may be applicable to actions brought pursuant to the provisions of LB 155 on account of the language of section 8. We think not. As we previously indicated, section 8 is merely an expression of an intent to leave intact consumer rights and remedies provided by the other laws. It does not give a consumer the ability to pick and chose from various statutes those sections which are beneficial while disregarding the rest. Section 6 of LB 155 makes it clear that actions brought under the act are subject to the Statute of Limitations contained therein.
Very truly yours, PAUL L. DOUGLAS Attorney General Mark D. Starr Assistant Attorney General