Bethlehem Mines Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Dovshek, Respondents.

248

Argued December 3, 1979, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*David N. Rutt*, with him *Stephen I. Richman, Greenlee, Richman, Derrico & Posa*, for petitioner.

*Benjamin L. Costello*, with him *Kenneth J. Yablonski, John Dovshek, William O'Toole*, for respondents.

Opinion by Judge Rogers, January 3, 1980:

This is an appeal by Bethlehem Mines Corporation (Bethlehem) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of workmen's compensation benefits to John Dovshek for total and permanent disability due to pneumoconiosis, a form of so-called Black Lung disease, as provided in Section 108(q) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October

17, 1972, P.L. 930, §1, *as amended,* 77 P.S. §27.1(q). We affirm.

In January 1976, Dovshek, a coal miner for forty-six of his sixty-three years, left his employment with Bethlehem, his employer for twenty-six years, due to illness. Upon first learning that he was disabled due to pneumoconiosis in May 1976, Dovshek applied for workmen's compensation benefits. After eight hearings, at which Dovshek testified and the depositions and reports of several medical experts were received, the referee found Dovshek to be totally and permanently disabled by occupational disease and awarded him the maximum allowable benefits and costs.[1] The Board subsequently affirmed the referee's award.

Since the referee's decision was in favor of Dovshek, the party with the burden of proof, our review of the facts is limited to a determination of whether the referee's essential findings are or are not support-

---

[1] Since Dovshek had applied for and been granted unemployment compensation benefits after his termination of employment with Bethlehem, the referee properly reduced the award of workmen's compensation benefits to Dovshek by the amount of, and for the duration of, Dovshek's unemployment compenation benefits.

Bethlehem appears to argue in its brief that Dovshek's award of unemployment compensation benefits mandates a finding in this workmen's compensation proceeding that Dovshek was available for light work and therefore not totally disabled. *See* Section 401 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801. The fact that Dovshek told the Bureau of Employment Security (now known as the Office of Employment Security) that he was available for light work was but one more piece of evidence for the referee to consider. We will not rule that, as a matter of law, the award of unemployment compensation benefits precludes a later award of workmen's compensation benefits.

Bethlehem, if it desires, might be able to obtain a termination of Dovshek's unemployment compensation benefits upon the basis of a finding that Dovshek is totally disabled and not available for light work. However, such action would only result in a modification of Dovshek's current workmen's compensation award.

ed by substantial evidence. *Latrobe Steel Co. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 460, 399 A.2d 465 (1979).

Bethlehem disputes the referee's finding that Dovshek is disabled from performing the work in which he was last employed. Specifically, the referee found that Dovshek was last employed as an underground shop mechanic, whereas Bethlehem contends that Dovshek's final position was that of supply clerk which, Bethlehem argues, was light work which Dovshek could perform. During the last three months of his employment with Bethlehem, Dovshek did in fact work as a supply clerk. He testified, however, that this assignment was a temporary one in which he was filling a temporary vacancy while the regular supply clerk was out sick. The testimony that Dovshek's supply clerk position was only temporary was not challenged or contradicted by Bethlehem. Therefore, the referee properly found that Dovshek's last regular permanent employment was as an underground shop mechanic, which indeed it was. Moreover, since the referee found that Dovshek's pneumoconiosis prohibited him from contact with coal dust, and since the uncontradicted evidence revealed that he was exposed to substantial coal dust while acting as a supply clerk, the referee might have found with equal propriety that Dovshek could not have continued employment as a supply clerk.

Bethlehem also argues there was not substantial evidence from which the referee could find that Dovshek was totally disabled due to pneumoconiosis. Bethlehem's primary complaint is that their medical experts' testimony and conclusions were more compelling than were those of Dovshek's experts. The referee chose to accept the conclusions of Dovshek's medical experts and, since the credibility of medical experts and the weight to be given their testimony is

for the referee to determine, Bethlehem's arguments are ineffective. *Westinghouse Electric Corporation v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 610, 399 A.2d 1178 (1979).

## ORDER

AND Now, this 3rd day of January, 1980, it is ordered that judgment be entered in favor of John Dovshek and against Bethlehem Steel Corporation, self insured, and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, for workmen's compensation benefits at the rate of $187.00 per week beginning July 8, 1976 and continuing into the indefinite future under the provisions of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, §101 et seq., *as amended*, 77 P.S. §1 et seq. Bethlehem Steel Corporation shall be liable for payment of 75 percent, or $140.25 per week and the Commonwealth shall be liable for payment of 25 percent, or $46.75 per week; however, all compensation benefits awarded herein up to and including November 4, 1977 shall be paid by Bethlehem Steel Corporation pursuant to 34 Pa. Code §121.21(b). Bethlehem Steel Corporation shall reimburse to John Dovshek through the U.M.W.A. District 5 Compensation Department the reasonable costs of prosecution incurred in the amount of $605.00 as itemized in the referee's order of June 15, 1978.

Compensation ordered herein shall be reduced by the amount of $36.00 per week beginning July 8, 1976 and continuing until such time as unemployment compensation benefits being received by Dovshek are terminated or exhausted. Bethlehem Steel Corporation, upon notice from John Dovshek, shall adjust the workmen's compensation benefits ordered herein to reflect any change in unemployment benefits being paid to

John Dovshek. All deferred payments of workmen's compensation benefits ordered herein against Bethlehem Steel Corporation only shall bear interest at the rate of ten percent per annum pursuant to Section 406.1 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §717.1.