No. 86-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JESSE CUELLAR,

          Claimant and Respondent,

-vs-

NORTHLAND STEEL, Employer,

    and

ROYAL INSURANCE COMPANY,

          Defendant and Appellant.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Herndon, Harper & Munro; Donald R. Herndon, Billings,
        Montana

    For Respondent:

        John S. Yoder, Billings, Montana

---

Submitted on Briefs: Jan. 22, 1987

Decided: April 21, 1987

Filed:

Ethel M. Harrison

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Royal Insurance Company appeals a Workers' Compensation Court decision that claimant is eligible for temporary total disability benefits and entitled to attorney fees from the date of judgment rather than the date of injury. Two issues are presented on appeal:

(1) Whether there is substantial evidence to support a finding that claimant is eligible for workers' compensation benefits.

(2) Whether claimant's attorney fees are to be determined under the statute in effect at the date of injury or the date of judgment.

We affirm in part and reverse and remand in part.

Claimant injured his back in May 1983 while working for Northland Steel in Billings, Montana. Northland's insurance carrier, Royal Insurance, (hereinafter insurance company) paid workers' compensation temporary total disability benefits from June 1, 1983 to June 30, 1984. Claimant's treating orthopedic surgeon rendered a 3% impairment rating and released claimant to return to work. Pursuant to the surgeon's report, the insurance company terminated the payment of benefits to claimant. Claimant made further complaints about his physical condition from September to December, 1984. On December 6, 1984, the orthopedic surgeon referred claimant to a neurologist who in turn referred claimant to Dr. William Wilson, a rheumatologist. On March 28, 1985, Dr. Wilson diagnosed the symptoms of arthralgias and myalgias (arthritic changes) which were, in his opinion, precipitated by claimant's accident at work. During the intervening period of September 10, 1984, to June 3, 1985, claimant received 38 weeks of unemployment insurance benefits at a rate of $148 per week, or a total of $5,624. Claimant

2

certified to the state that he was able and actively seeking work and signed a form promising to repay any unemployment benefits upon subsequent receipt of workers' compensation benefits. On September 6, 1985, the insurance company agreed to pay temporary total disability benefits but refused to pay benefits for the 38 weeks during which claimant received unemployment benefits. The Workers' Compensation Court reviewed the medical evidence and found that the decision to release claimant to work was incorrect. The court cited testimony from the doctor granting the release that claimant had not reached maximum healing by July 1984, the date on which the doctor gave claimant an impairment rating of 3% of the whole person. Dr. Wilson concurred in this opinion and ultimately concluded that claimant's physical problems were caused by the industrial accident. It was shown that the doctor granting claimant's release relied upon the job analysis of a rehabilitation supervisor who had concluded that the physical demands of the job were within claimant's post-injury abilities. The court found claimant to be entitled to temporary total disability benefits for the 38 weeks he received unemployment benefits, ordered claimant to repay the unemployment benefits to the state and awarded claimant reasonable attorney fees under § 39-71-612, MCA, as amended in 1985.

The standard of review is whether there is substantial evidence to support the findings and conclusions of the Workers' Compensation Court. We cannot substitute our judgment for that of the trial court as to the weight of the evidence on questions of fact. Where there is substantial evidence to support the Workers' Compensation Court, this Court cannot overturn the decision. Coles v. Seven Eleven Stores (Mont. 1985), 704 P.2d 1048, 42 St.Rep. 1238.

Temporary total disability is defined as a condition resulting from an injury that results in total loss of wages and exists until the injured worker is as far restored as the permanent character of the injuries will permit. Disability shall be supported by a preponderance of medical evidence. See § 39-71-116(19), MCA.

The question in this case is whether claimant reached maximum healing by September 10, 1984 and remained in that status through June 3, 1985. Substantial medical testimony supports the conclusion that claimant had not reached maximum healing by June 1984, when claimant was given his release to work, or by September 1984, when claimant began receiving unemployment benefits. Dr. Wilson, claimant's treating physician during the time in which claimant received unemployment benefits, testified that claimant's physical problems were continuing and concluded that claimant had not reached maximum healing. The evidence supporting the lower court's decision is substantial and therefore justifies the payment of temporary total benefits for the 38 weeks claimant received unemployment benefits. We also concur that claimant must repay the unemployment benefits he received for those same 38 weeks.

The second issue is whether claimant's attorney fees are to be determined under the statute in effect at the date of injury or the date of judgment. We have held that the size of an attorney fee award in a workers' compensation case is determined by the statute in effect on the date of injury. Cadwell v. Industrial Indemnity Company (Mont. 1987), ____ P.2d ____, 44 St.Rep. 370, citing Trusty v. Consolidated Freightways (Mont. 1984), 681 P.2d 1085, 41 St.Rep. 973. In Trusty, we held that the statutes in effect on the date of injury determine the benefits to be received and establish the contractual rights and debts of the parties. Moreover,

4

Cadwell says that a statute should not be applied retroactively unless the legislature clearly expresses an intention to so apply it. Cadwell, ___ P.2d at ___, 44 St.Rep. at 372.

We hold that the statute in effect at the time of claimant's injury in 1983 controls as to size of the attorney fee award. We refuse to retroactively apply the amended statute due to the absence of any legislative indication to do so. We therefore reverse and remand to the lower court on the attorney fee issue with instructions to apply the law in effect as stated in Cadwell.

Affirmed in part, reversed and remanded in part.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices