LEVI STRAUSS & COMPANY *v*. Ramona LAYMANCE

CA 91-222                                              828 S.W.2d 356

Court of Appeals
Division I
Opinion delivered April 15, 1992

56

*Bassett Law Firm*, by: *Woody Bassett*, for appellant.

*Law Offices of Laura A. McKinnon*, by: *Harry E. Dermott*, for appellee.

ELIZABETH W. DANIELSON, Judge. In this workers' compensation case, appellant Levi Strauss & Company appeals the decision of the full commission, which found that appellee Ramona Laymance was entitled to temporary partial disability

during her healing period, when she was also drawing unemployment benefits. The commission also found that appellee was entitled to permanent partial disability equal to 3 % to the hand. We affirm.

Appellee began working for appellant on February 22, 1986, and her duties involved "stitching vents." Later that year, appellee was assigned a different duty, "hanging collars," which caused swelling and pain in the middle finger of appellee's left hand. Appellee was diagnosed by Dr. McCollum as having tendonitis and was later released to return to work. Upon her return, appellee went back to "stitching vents," but in September of 1987, was again assigned to "hanging collars." On December 24, 1987, appellee again complained of pain in her finger and returned to Dr. McCollum for treatment.

Following Christmas vacation, appellee returned to work on January 4, 1988. She continued to work for appellant until January 15, 1988, when she was terminated for failure to meet her production quotas. Appellee applied for unemployment insurance benefits, which commenced on January 30, 1988, at a rate of $114.00 per week.

On February 9, 1988, appellee returned to Dr. McCollum and was referred to Dr. Garbutt, who diagnosed appellee as having "stenosing tenosynovitis" of the left long finger. Outpatient surgery was performed on May 26, 1988. As of the date of her hearing, appellee had not been released by Dr. Garbutt.

Appellee filed for workers' compensation benefits, contending that she was entitled to temporary total disability benefits from January 15, 1988, to a date yet to be determined, or at least to temporary partial disability benefits during the period in which she was drawing unemployment benefits. Appellant contended Dr. Garbutt's treatment was unreasonable and unnecessary. Appellant also contended that appellee was not temporarily totally disabled, but that if she were found to be temporarily totally or partially disabled, she was disqualified from receiving workers' compensation benefits because she had been drawing unemployment benefits during that time. Appellant bases this argument on Ark. Code Ann. § 11-9-506 (1987), which deals with limitations on compensation for recipients of unemployment benefits.

The administrative law judge found that Dr. Garbutt's medical treatment was reasonable and necessary and that, although appellant was temporarily totally disabled from January 15, 1988, to a date yet to be determined, she was disqualified from receiving any benefits subsequent to January 30, 1988, because she was drawing unemployment benefits during this time.

On appeal, the full commission reversed the decision of the administrative law judge on the issue of the denial of temporary total disability benefits. The commission found that Ark. Code Ann. § 11-9-506 does not preclude temporary *partial* disability benefits when a claimant is also receiving unemployment benefits during the same time. The commission reasoned that appellee's disability was not total during that time period and that she did have some physical capacity for work, as evidenced by her work for respondent in January 1988 and her receipt of unemployment benefits. Therefore, the commission determined, appellee was entitled to compensation for temporary partial disability during that time. Upon remand, the administrative law judge offset the amount of appellee's weekly unemployment benefits ($114.00) against the amount of workers' compensation benefits for the temporary partial disability that she would have been entitled to ($147.39) and awarded appellee the difference ($33.39) for the period from January 30, 1988, through June 28, 1988. The administrative law judge also determined that appellee was entitled to permanent partial disability benefits equal to 3 % to the left hand as a whole. The full commission incorporated its previous decision and affirmed the decision of the administrative law judge.

Appellant's first contention is that the award of temporary partial disability is not supported by substantial evidence and is contrary to the provisions of Ark. Code Ann. § 11-9-506 (1987). This statute provides that "no compensation in any amount for temporary total or permanent total disability shall be payable to an injured employee with respect to any week for which the injured employee receives unemployment insurance benefits. . . ." The issue before us is whether § 11-9-506 precludes compensation for temporary partial disability during the same time period unemployment benefits are received.

The first rule in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *Arkansas Vinegar Co.* v. *Ashby*, 294 Ark. 412, 743 S.W.2d 798 (1988). Provisions of the Arkansas Workers' Compensation Act are construed liberally in favor of the claimant. *Id*. The commission found, and we agree, that the statute by its language is limited to temporary *total* disability and permanent *total* disability. If the legislature had intended to preclude receipt of temporary or permanent *partial* disability benefits, the statute could have easily been so worded.

Appellant argues that this award allows a claimant to represent himself to one administrative body as "ready, willing, and able to work" in order to draw unemployment benefits, and then present himself to another administrative body as "unable to work" in order to draw workers' compensation benefits. In the following excerpt, Larson explains why the two positions are not necessarily inconsistent:

> At first glance the two positions may appear mutually exclusive; but the inconsistency disappears when the special meaning of disability in workmen's compensation is remembered, involving . . . the possibility of some physical capacity for work which is thwarted by the inability to get a job for physical reasons. Thus, the injured claimant may honestly represent to the Employment Security Office that he is able to do some work, and with equal honesty tell the Compensation Board later that he was totally disabled during the same period since, although he could have done some kinds of work, no one would give him a job because of physical handicaps.

2 Arthur Larson, *The Law of Workmen's Compensation* § 57.65 (1992). We affirm the finding of the commission that Ark. Code Ann. § 11-9-506 does not preclude receipt of temporary partial disability benefits. We recognize that there appears to be a discrepancy in the offset formula set out by the commission and that which was actually employed by the administrative law judge, but we do not address this issue as it was not raised by the parties.

Appellant's second contention is that the commission erred in finding appellee is entitled to permanent partial disability

benefits in the amount of 3 % to the hand instead of 3 % to the left long finger. Although the injury was to appellee's left long finger in particular, Dr. Garbutt's medical report found that appellee had a 3 % permanent partial impairment to her left hand. Appellee testified that her disability includes her entire left hand. When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the commission's findings and affirm if those findings are supported by substantial evidence. *Shaw* v. *Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991). Dr. Garbutt's findings and appellee's testimony regarding her disability constitute substantial evidence to support the findings of the commission.

Affirmed.

JENNINGS, J., agrees.

ROGERS, J., concurs.

JUDITH ROGERS, Judge, concurring. In this case, the Commission allowed the award of weekly compensation to be reduced by the amount appellee received in unemployment benefits. Although I question the propriety of such an offset, this has not been raised as an issue on appeal. Therefore, I concur in the decision in this case, but I write separately to point out that this opinion should not be construed as an endorsement of the offset.