**Dewayne STAFFORD, Petitioner,**

v.

**WELLTECH, National Union Fire Insurance and Workers' Compensation Court, Respondents.**

No. 81734.

Court of Appeals of Oklahoma, Division No. 2.

Nov. 9, 1993.

Rehearing Denied Dec. 20, 1993.

David B. Christian and Duke Halley, Halley & Christian, Woodward, for petitioner.

Anne Livingston, Pierce, Couch, Hendrickson, Baysinger & Green, Oklahoma City, for respondents.

REIF, Vice Chief Judge.

Claimant seeks review of the three-judge panel's order that affirmed the trial court's findings of a job-related injury and a period of temporary total disability, but which vacated the award of weekly temporary total disability benefits. In their appeal to the three-judge panel for such relief, Employer and Insurance Carrier argued that Claimant failed to prove his entitlement to temporary total disability benefits as a matter of law. Their primary reason for urging such disqualification was that Claimant held himself out as able to work and was collecting unemployment benefits during the period of temporary total disability.

Whether Claimant was receiving unemployment compensation or some other benefit from a source other than Employer and Insurance Carrier is irrelevant and not a basis to deny him weekly temporary total disability benefits for a period of job-related temporary

total disability that *both* the trial court and the three-judge panel adjudicated in Claimant's favor. By a clear legislative mandate, "*[n]o benefits ... independent of the [Workers' Compensation Act] shall be considered in determining the compensation or benefit to be paid under this act.*" 85 O.S.1991 § 45 (footnote omitted). Claimant's availability to accept *some* employment in order to be eligible for unemployment compensation creates no conflict with a temporary total state of disability to return to the particular work he did for his employer. Like the court in *Bill Hodges Truck Co. v. Humphrey,* 704 P.2d 94, 96 (Okla.Ct.App.1984), we conclude "[t]he co-existence of these rights is mandated by logic and public policy considerations." Accordingly, the three-judge panel erred as a matter of law in vacating Claimant's weekly benefit award for his adjudicated period of temporary total disability.

The three-judge panel is directed to reinstate the award of weekly benefits and to reinstate the attorney fee award to Claimant that was erroneously vacated.

REVERSED AND REMANDED WITH INSTRUCTIONS.

BOUDREAU, P.J., and RAPP, J., concur.