MEMORIAL HOSPITAL OF DODGE COUNTY, APPELLEE, V. CHERYL L. PORTER, APPELLANT, AND DAN DOLAN, COMMISSIONER OF LABOR, STATE OF NEBRASKA, APPELLEE.

548 N.W.2d 361

Filed May 28, 1996.   No. A-95-1045.

Laura A. Lowe, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

John F. Sheaff and John H. Albin for appellee Dolan.

Douglas D. Johnson for appellee Memorial Hospital of Dodge County.

MILLER–LERMAN, Chief Judge, and IRWIN and INBODY, Judges.

MILLER–LERMAN, Chief Judge.

## INTRODUCTION

Cheryl L. Porter appeals the judgment of the district court which reversed the decision of the Nebraska Appeal Tribunal.

The district court concluded that Porter was not entitled to receive unemployment benefits, because she was receiving workers' compensation for temporary total disability. For the reasons stated below, we reverse.

## FACTUAL BACKGROUND

Porter was employed full time by Memorial Hospital of Dodge County (Hospital), and her duties included shampooing and buffing the hospital floors. She earned approximately $230 per week. While performing her duties in March 1994, Porter injured her shoulder. As a result, she took a medical leave from her employment. Shortly thereafter, Porter began receiving workers' compensation of $153.54 per week for temporary total disability.

On October 18, 1994, Porter's doctor authorized her to return to work with the restriction that she could not lift, pull, or push over 5 to 10 pounds. On November 4, Porter was terminated from her employment because she had exceeded the 6-month limitation for a medical leave and because the Hospital was unable to accommodate her restrictions.

Upon her termination of employment, Porter applied for unemployment benefits. On her application, Porter indicated that she was receiving workers' compensation. She began receiving $126 per week in unemployment benefits beginning December 24, 1994.

## PROCEDURAL BACKGROUND

On March 8, 1995, the Hospital requested that the Nebraska Department of Labor (Department) determine whether Porter was eligible for unemployment benefits when she was also collecting workers' compensation for temporary total disability and unable to work. After an investigation, a claims deputy for the Department determined that Porter was able to do other work, although she was unable to work in her previous job.

On March 20, 1995, the Hospital requested that the Department determine whether Porter's receipt of workers' compensation should disqualify her from receiving unemployment benefits pursuant to Neb. Rev. Stat. § 48-628(e)(2) (Reissue 1993) of the Nebraska Employment Security Law. Section 48-628(e)(2) generally provides that an

individual is disqualified from receiving unemployment benefits if he or she is receiving temporary partial disability benefits under the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-101 et seq. (Reissue 1993). Section 48-628(e)(2) does not state that an individual is disqualified from receiving benefits if he or she is receiving temporary total disability benefits. A claims deputy determined that the amount of workers' compensation received by Porter for temporary total disability should not be deducted from her unemployment benefits.

The Hospital appealed the above determinations to the Nebraska Appeal Tribunal. A telephonic evidentiary hearing was held on April 11, 1995. A claims deputy and Porter testified. Among other things, the claims deputy testified that the Department's position was that one receiving workers' compensation for temporary total disability could also receive unemployment benefits. On April 20, the Nebraska Appeal Tribunal affirmed the determination of the claims deputy based upon the "plain, clear and unambiguous language" of § 48-628(e)(2).

On May 15, 1995, the Hospital filed a petition for review with the district court for Dodge County. On August 25, the district court reversed the decision of the Nebraska Appeal Tribunal and concluded that Porter was disqualified from receiving unemployment benefits. The court held that a construction based upon the "literal meaning" of § 48-628(e)(2) would defeat the Legislature's intent and that payment of workers' compensation and unemployment compensation to Porter in excess of wages she received through her employment "would amount to an absurd result."

From this decision, Porter timely appealed. Generally, Porter assigns that the district court erred in reversing the decision of the Nebraska Appeal Tribunal and expanding the plain, clear, and unambiguous language of § 48-628(e)(2) to include receipt of temporary total disability payments under workers' compensation as disqualifying compensation.

### RELEVANT STATUTORY AUTHORITY
Section 48-628 states, in relevant part:

An individual shall be disqualified for [unemployment] benefits:

. . . .

(e) For any week with respect to which he or she is receiving or has received remuneration in the form of (1) wages in lieu of notice, or a dismissal or separation allowance, (2) compensation for temporary partial disability under the workers' compensation law of any state or under a similar law of the United States, (3) primary insurance benefits under Title II of the Social Security Act, as amended, or similar payments under any act of Congress, (4) retirement or retired pay, pension, annuity, or other similar periodic payment under a plan maintained or contributed to by a base period or chargeable employer, or (5) a gratuity or bonus from an employer, paid after termination of employment, on account of prior length of service, or disability not compensated under the workers' compensation law.

The remaining subsections of § 48–628 outline other behaviors or scenarios which disqualify an employee from receiving benefits and are not applicable here.

## STANDARD OF REVIEW AND ANALYSIS

The issue before us is whether a claimant is ineligible to receive unemployment benefits if he or she is receiving workers' compensation for temporary total disability. Neither the Nebraska Supreme Court nor this court has addressed this question of law.

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Anderson v. Nashua Corp.*; 246 Neb. 420, 519 N.W.2d 275 (1994). See *Dillard Dept. Stores v. Polinsky*, 247 Neb. 821, 530 N.W.2d 637 (1995).

Several states have statutory language similar to that before us. See, Mo. Ann. Stat. § 288.040 (Vernon Cum. Supp. 1996); N.H. Rev. Stat. Ann. § 282-A:14 (1987 & Cum. Supp. 1995); Ohio Rev. Code Ann. § 4141.31 (Anderson 1995); S.D.

Codified Laws Ann. § 61–6–20 (1993); Tenn. Code Ann. § 50–7–303 (Supp. 1995). However, it does not appear that these states have addressed the issue presented by this case.

A review of the opinions from states with dissimilar statutes shows that they are split on the issue of whether the receipt of either workers' compensation or unemployment benefits bars or causes an offset from the receipt of the other. As urged by Porter, some states allow awards of both workers' compensation and unemployment benefits simultaneously. See, e.g., *Levi Strauss & Co. v. Laymance*, 38 Ark. App. 55, 828 S.W.2d 356 (1992) (holding that claimant may simultaneously receive unemployment benefits and workers' compensation for temporary partial disability where statute only precludes receipt of workers' compensation for temporary total or permanent total disability if claimant is receiving unemployment benefits); *Mendez v. Southwest Com. Health Services*, 104 N.M. 608, 725 P.2d 584 (N.M. App. 1986) (holding that in absence of statute prohibiting recovery, claimant may receive workers' compensation and unemployment benefits simultaneously). Accord, *Neuberger v. City of Wilmington*, 453 A.2d 804 (Del. Super. 1982); *Stafford v. Welltech*, 867 P.2d 484 (Okla. App. 1993). The rationale in the cases for permitting recovery under both acts is that the statutory language does not prohibit a dual recovery and is further based upon the beneficent objectives of both workers' compensation and employment security legislation. See *Levi Strauss & Co., supra*; *Neuberger, supra*; *Mendez, supra*; *Stafford, supra*.

As noted by the defendants, other states deny or reduce unemployment benefits by the amount of workers' compensation the claimant receives or vice versa. See, e.g., *Cuellar v. Northland Steel*, 226 Mont. 428, 736 P.2d 130 (1987) (holding that pursuant to statute, unemployment benefits must be offset against workers' compensation payments); *St. Pierre v. Fulflex, Inc.*, 493 A.2d 817 (R.I. 1985) (holding that legislature clearly intended that workers' compensation act and unemployment security act be construed together, thus prohibiting worker from receiving both unemployment compensation and workers' compensation payments for same period). Accord, *Wells v. Pete Walker's Auto Body*, 86 Or. App. 739, 740 P.2d 245 (1987);

*Bethlehem Mines Corp. v. Workmen's Comp., etc.*, 48 Pa. Commw. 247, 409 A.2d 516 (1980). The cases denying dual recovery or requiring an offset generally rely upon statutory language requiring offset or forbidding dual recovery or rely upon the conclusion that if one is receiving workers' compensation, he or she is unable to work and, therefore, unable to receive unemployment benefits, the purpose of which is to protect able–bodied workers while unemployed through no fault of their own. See, *Wells, supra*; *St. Pierre, supra*.

Professor Larson states:

> [S]everal jurisdictions have permitted collection of both unemployment and workmen's compensation benefits for the same period, in the absence of any statutory prohibition. The majority of unemployment statutes, however, now specifically forbid benefits to anyone drawing workmen's compensation. These statutes vary in scope, some applying only to temporary workmen's compensation payments and some to temporary and permanent; many make an exception of schedule benefits. . . .
>
> . . . .
>
> . . . [T]he optimum solution is to have . . . coordination achieved by the legislature, since detailed questions are certain to arise which can only be handled by carefully considered legislation.

4 Arthur Larson & Lex K. Larson, The Law of Workmen's Compensation § 97.20 at 18–11 and 18–16 (1995).

According to Nebraska jurisprudence, the general rules of statutory interpretation are as follows: In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *Dillard Dept. Stores v. Polinsky*, 247 Neb. 821, 530 N.W.2d 637 (1995); *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994). In addition, it is not within the province of the courts to read a meaning into a statute that is not warranted by the legislative language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute.

*Dillard Dept. Stores, supra; Matrisciano v. Board of Ed. of Sch. Dist. No. 6*, 236 Neb. 133, 459 N.W.2d 230 (1990); *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985). An appellate court will, if possible, give effect to every word, clause, and sentence of a statute, since the Legislature is presumed to have intended every provision of a statute to have a meaning. *Sorensen, supra; Iske v. Papio Nat. Resources Dist.*, 218 Neb. 39, 352 N.W.2d 172 (1984).

We note that the Nebraska Employment Security Law is to be liberally construed to accomplish its beneficent purposes of paying benefits to involuntarily unemployed workers. *Dillard Dept. Stores, supra; IBP, inc. v. Aanenson*, 234 Neb. 603, 452 N.W.2d 59 (1990). The Nebraska Workers' Compensation Act, which was enacted over two decades prior to the Employment Security Law, seeks to compensate an employee for a loss of earning power because of an accidental injury arising out of and in the course of his or her employment. *Warner v. State*, 190 Neb. 643, 211 N.W.2d 408 (1973). Reference in a case to the Workers' Compensation Act as providing exclusive remedy for the employee for an injury means that the Workers' Compensation Act relieves the employer from tort liability in connection with the accident. *Abbott v. Gould, Inc.*, 232 Neb. 907, 443 N.W.2d 591 (1989), *cert. denied* 493 U.S. 1073, 110 S. Ct. 1119, 107 L. Ed. 2d 1026 (1990). See, also, *Tompkins v. Raines*, 247 Neb. 764, 530 N.W.2d 244 (1995). The Workers' Compensation Act and the Nebraska cases under it do not state that receipt of workers' compensation benefits is exclusive of benefits under the Employment Security Law.

According to the explicit language of § 48–628(e)(2), Porter would be disqualified for any weeks she received "compensation for *temporary partial disability* under the workers' compensation law." (Emphasis supplied.) This particular provision is plain and unambiguous. The phrase "temporary partial disability" has a specific meaning under Nebraska workers' compensation law. See *Heiliger v. Walters and Heiliger Electric, Inc.*, 236 Neb. 459, 461 N.W.2d 565 (1990). Temporary partial disability cannot be read to include temporary total disability.

The maxim "expressio unius est exclusio alterius" is applicable. " '[W]here a statute or ordinance enumerates the things upon which it is to operate . . . it is to be construed as excluding from its effect all those not expressly mentioned, unless the legislative body has plainly indicated a contrary purpose or intention.' " *Nebraska City Education Assn. v. School Dist. of Nebraska City*, 201 Neb. 303, 306, 267 N.W.2d 530, 532 (1978). Had the Legislature wanted persons receiving workers' compensation for temporary total disability such as Porter to be disqualified from receiving unemployment benefits, it would have specifically provided therefore. Furthermore, the Legislature has amended the Employment Security Law numerous times since its enactment and has not altered this particular provision. It is presumed that the Legislature has full knowledge and information of the subject matter of a statute, as well as the relevant facts relating to prior law and existing pertinent legislation, and has acted with respect thereto. *Sanitary & Improvement Dist. # 222 v. Metropolitan Life Ins. Co.*, 201 Neb. 10, 266 N.W.2d 73 (1978).

The appellees seem to argue that to allow a person to receive both workers' compensation for temporary total disability and unemployment benefits is an untenable result. In support of this argument, they discuss a Nebraska Appeal Tribunal case, In re Franklin, vol. 88, No. 1349 (1988), in which the tribunal concluded that unemployment benefits may not be allowed to a claimant receiving workers' compensation for temporary total disability. It stated that this result was necessary in order to avoid "an absurd and unjust result." *Id.* We note that in the case before us, the tribunal was aware of, considered, and rejected In re Franklin and determined it was at odds with the express language of the statute. We agree.

We are also not persuaded by appellees' argument that the Nebraska Supreme Court's holding in *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985), dictates that we must affirm the decision of the district court. The issue before the court in *Sorensen* was whether a lump sum severance payment must be prorated under Neb. Rev. Stat. § 48–627(e) (Reissue 1993), which provides monetary eligibility requirements. In its discussion, the court compared the statutory provision of

§ 48–627(e) with § 48–628(e), which expressly provides that a lump sum severance allowance be prorated when determining disqualification. In this context, the court stated that the purpose of the proration provision in § 48–628(e) is "to avoid such double payments." 220 Neb. at 464, 370 N.W.2d at 178. The court held that the statutory language must prevail: The "silence of § 48–627(e) . . . compared to the mandate of § 48–628(e) that a lump sum severance allowance be prorated, persuades us that the Legislature intended there be no proration for the purpose of [§ 48–627(e)]." 220 Neb. at 465, 370 N.W.2d at 179. We read *Sorensen* for the proposition that the plain and unambiguous language in the Employment Security Law should control. For the purposes of the case before us, the Legislature clearly provided the specific circumstances under which a claimant should be disqualified from receiving unemployment benefits. Those circumstances are not present here.

We decline to expand upon the plain language of § 48–628(e)(2) to include the receipt of temporary total disability as a disqualifying event. In light of the plain language of the statute and the beneficent purposes of the Employment Security Law, we construe § 48–628(e)(2) to disqualify a person from receiving unemployment benefits only if he or she is also receiving workers' compensation for temporary partial disability. Any statutory change, if warranted, should be left to the Legislature.

REVERSED.