**Lloyd K. BALLARD, Sr.,**
**Appellant–Plaintiff,**

v.

**BOOK HEATING & COOLING,**
**INC., Appellee–Defendant.**

No. 93A02–9712–EX–807.

Court of Appeals of Indiana.

May 14, 1998.

Transfer Denied Oct. 13, 1998.

Richard R. Fox, Steven A. Gustafson, Fox & Cotner, New Albany, for Appellant–Plaintiff.

Anthony K. Finaldi, Ferreri, Fogle, Pohl & Picklesimer, Louisville, KY, for Appellee–Defendant.

## OPINION

BAKER, Judge.

We are asked to decide, as a matter of first impression, whether a claimant is entitled to an award of temporary total disability payments, while simultaneously receiving unemployment compensation benefits. Appellant-plaintiff Lloyd K. Ballard appeals a judgment from the Worker's Compensation Board (Board) entered in favor of appellee-defendant, Book Heating and Cooling Inc. (Book Heating), claiming that the Board erred in denying his claim for temporary total disability payments. Specifically, Ballard contends that the Board's decision denying his claim for temporary total disability benefits while he simultaneously drew unemployment compensation is contrary to law and against public policy.

### FACTS

The facts most favorable to the Board's decision reveal that during Ballard's employment at Book Heating, he sustained an injury to his lower back in August of 1995. As a result of this injury, it was eventually determined that Ballard sustained a five percent whole body permanent partial impairment, and was subsequently terminated from Book Heating on February 9, 1996. Immediately thereafter, Ballard applied for, and began receiving unemployment benefits in March of 1996.

On March 5, 1996, Ballard was placed on medical leave by Dr. Timir Banerjee, who had treated Ballard at Book Heating's request. Approximately one week later, Dr. Banerjee diagnosed Ballard with a herniated disc and recommended that Ballard not work for approximately one month. Dr. Banerjee's prescribed treatment included "conservative care and temporary physical restrictions." Record at 6. Ballard continued his medical leave status as ordered by several treating physicians until August 28, 1996, when it was determined that Ballard had reached maximum medical improvement. Thereafter, Ballard applied for temporary total disability benefits under the Indiana

Worker's Compensation Act. Following a hearing on February 20, 1997 before an administrative law judge (ALJ), Ballard was granted temporary total disability benefits from the time that Dr. Banerjee released Ballard from work on March 13, 1996, until August 28, 1996. However, the ALJ also determined that Ballard was not entitled to temporary total disability benefits for the period of time in which he received unemployment compensation benefits. The Board adopted the ALJ's decision on November 3, 1997, and Ballard now appeals.

### DISCUSSION AND DECISION

#### I. Standard Of Review

When reviewing a decision of the Workers' Compensation Board, we are bound by the factual determinations of the Board and will not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. *Rogers v. Bethlehem Steel Corp.*, 655 N.E.2d 73, 75 (Ind.Ct.App.1995). We must disregard all unfavorable evidence and must examine only that evidence and the reasonable inferences therefrom which support the Board's findings. *Four Star Fabricators, Inc. v. Barrett*, 638 N.E.2d 792, 794 (Ind.Ct.App.1994). Further, this court neither reweighs the evidence nor judges the credibility of the witnesses. *Id.* We pay due deference to the interpretation of a statute by the administrative agency charged with its enforcement in light of its expertise in its given area. *Natural Resources Comm'n v. Porter County*, 576 N.E.2d 587, 589 (Ind. 1991).

#### II. Entitlement To Temporary Total Disability Benefits

Ballard claims that the Board erred in determining that he was precluded from receiving temporary total disability benefits during the period of time in which he drew unemployment compensation. Specifically, Ballard contends that, although a determination was made declaring him "physically and mentally able to work" as defined in IND. CODE § 22–4–14–3,[1] he should not be pre-

---

1. This statute provides in relevant part as follows:

(a) An unemployed individual shall be eligible to receive benefits with respect to any week only

cluded from also receiving temporary total disability benefits.

We initially observe that our research reveals no Indiana case directly on point. Therefore, we turn to other jurisdictions for guidance. A review of the opinions from other states reveals a split of authority with regard to whether the receipt of either workers' compensation or unemployment benefits precludes an entitlement to the other. Some states allow awards of both workers' compensation and unemployment benefits simultaneously. *See, e.g., Levi Strauss & Co. v. Laymance,* 38 Ark.App. 55, 828 S.W.2d 356 (1992) (claimant may receive both unemployment benefits and worker's compensation where statute does not expressly forbid entitlement to both); *Accord Mendez v. Southwest Com. Health Serv.,* 104 N.M. 608, 725 P.2d 584 (1986); *Neuberger v. City of Wilmington,* 453 A.2d 804 (Del.Super.Ct.1982); *Stafford v. Welltech,* 867 P.2d 484 (Okla.Ct. App.1993). The rationale in this line of cases for permitting recovery under the worker's compensation act and the unemployment compensation act appears to be that the statutes do not prohibit a dual recovery, along with the beneficent objectives of both workers' compensation and employment security legislation. *Memorial Hosp. Of Dodge County v. Porter,* 4 Neb.App. 716, 548 N.W.2d 361, 365 (1996).

The reported cases from other states have either denied or reduced the unemployment benefits by the amount of workers' compensation the claimant receives, or vice versa. *See e.g., Cuellar v. Northland Steel,* 226 Mont. 428, 736 P.2d 130 (1987) (employment benefits must be offset against workers' compensation payments); *St. Pierre v. Fulflex, Inc.,* 493 A.2d 817 (R.I.1985) (legislature clearly intended that Workers' Compensation Act and Unemployment Security Act be construed together, thus prohibiting claimant from receiving both unemployment compensation and workers' compensation payments for the same period). The cases denying dual recovery either rely upon statutory language forbidding recovery or upon the notion that if one is receiving workers' compensation, he is unable to work, and, therefore, unable to receive unemployment benefits, the purpose of which is to protect able-bodied workers while unemployed through no fault of their own. *Wells v. Pete Walker's Auto Body,* 86 Or.App. 739, 740 P.2d 245 (1987); *St. Pierre,* 493 A.2d at 818.

We now turn to the instant case. The purpose of awarding temporary total disability payments under the Indiana Worker's Compensation Act [2] is to compensate an employee for a loss of earning power because of an accidental injury arising out of, and in the course of, his or her employment. *White v. Woolery Stone Co., Inc.,* 181 Ind.App. 532, 534, 396 N.E.2d 137, 139 (1979). During the period of time that a claimant undergoes treatment for an injury, it is relevant whether the injured workman has the ability to return to work of the same kind or character. *Covarubias v. Decatur Casting; Division of Hamilton Allied Corp.,* 171 Ind.App. 533, 536, 358 N.E.2d 174, 176 (1976). If the injured worker does not have the ability to return to work of the same kind or character during the treatment period, he is temporarily totally disabled and may be entitled to benefits. *Id.* In contrast, IND. CODE § 22–4–14–3 provides that an unemployed individual is only eligible to receive unemployment compensation if he or she is physically and mentally able to work, is available for work and is found by the agency to be making an effort to secure full-time work.

In the instant case, Ballard represented to the Unemployment Insurance Division (Unemployment Division) in March of 1996, that he was ready, willing and able to return to work. Thereafter, the Division determined that Ballard had fully satisfied all the eligibility requirements of I.C. § 22–4–14–3, and entered an award for unemployment benefits. R. at 6. At the same time, Ballard represented in his application for worker's compensation benefits that he was

if the individual:
(1) is physically and mentally able to work;
(2) is available for work; and
(3) is found by the department to be making an effort to secure full-time work.

2. IND. CODE § 22–3–1–1 *et seq.*

temporarily totally disabled and was no longer able to work. As Ballard was bound to establish that he was physically able to work in order to receive unemployment compensation under I.C. § 22-4-14-3, it logically follows that he may not also claim that he was incapacitated from his work-related injury, with the expectation of receiving workers' compensation benefits for that same period of time.

Although our statutes do not expressly prohibit a claimant from receiving both types of benefits, we conclude that our legislature could not have intended for an employee to recover dual benefits under these circumstances. To suggest that one who was physically and mentally able to work, available for work, and was making an effort to secure full-time work was at the same time totally disabled, would be contrary to law. In sum, the hearing judge's findings and conclusions that for the period of time that Ballard received unemployment compensation, he was not totally disabled, rests upon substantial factual findings and are supported by sufficient evidence. Therefore, we conclude that the Board properly determined that Ballard was not entitled to receive temporary total disability benefits for the same period of time that he drew unemployment benefits.

Judgment affirmed.

NAJAM and RILEY, JJ., concur.