# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 17 2017, 6:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Miles P. Cahill
Spiegel & Cahill, P.C.
Hinsdale, Illinois

ATTORNEY FOR APPELLEE

Timothy O. Malloy
Malloy, Etzler & Lawhead, P.C.
Highland, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Harsco Corporation, *Appellant/Cross-Appellee/Defendant,* | April 17, 2017 |
| | Court of Appeals Case No. 93A02-1610-EX-2378 |
| *v.* | Appeal from the Worker's Compensation Board of Indiana |
| Francisco Orta, *Appellee/Cross-Appellant/Plaintiff* | The Honorable Linda Peterson Hamilton, Chairperson |
| | Application No. C-231115 |

**Bradford, Judge.**

# Case Summary

Appellant/Cross-Appellee/Defendant Harsco Corporation appeals from the determination by the full Worker's Compensation Board of Indiana ("the Board") that its former employee Appellee/Cross-Appellant/Plaintiff Francisco Orta is entitled to temporary total disability ("TTD") benefits resulting from an on-the-job injury. On April 30, 2015, Orta, a payloader driver at Harsco, began experiencing lower back pain due to an improperly working seat suspension, was placed on light duty, and, on May 1, 2015, aggravated the injury.

On May 11, 2015, Orta filed a claim with the Board to receive TTD benefits, a claim that was denied by a single hearing member. Meanwhile, Orta began receiving treatment from Dr. David Foreit, D.O., at Harsco's direction. The full Board heard Orta's appeal and ruled that he was entitled to TTD benefits for the period from April 30 to July 14, 2015. Harsco contends that the Board erred in awarding Orta TTD benefits, which Orta contests. Orta also argues that the Board erroneously denied him TTD benefits for the period from April 30 to May 11, 2015, and that, pursuant to statute, the Board's award should be increased five percent. Because we agree with Orta that the Board did not err in ordering TTD benefits for the period from April 30 to July 14, 2015, we affirm the Board's determination and order the award increased by five percent as required by statute when an award is affirmed on appeal.

# Facts and Procedural History

[3] On April 30, 2015, Orta was employed as a payloader driver at Harsco. On April 30, 2015, the seat suspension was not working properly on Orta's payloader and he began to experience pain in his lower back. On May 1, 2015, Orta sustained further lower back injury and reported his pain to his supervisor, who informed him that Harsco did not have the money to repair the seat. By May 11, 2015, Orta was having trouble getting out of bed and told another employee at Harsco, who directed him to go to Dr. Foreit for treatment. Also on May 11, 2015, Orta filed an Application for Adjustment of Claim with Worker's Compensation. Orta continued to work for Harsco until July 10, 2015, when he was terminated. From April 30 to July 10, 2015, Orta had worked light duty at Harsco.[1] On July 14, 2015, Dr. Foreit released Orta from his care and to resume full duty work.

[4] On February 18, 2016, a single hearing member conducted a hearing on Orta's application. The single hearing member noted evidence that Orta was injured on April 30 and May 1, 2015, but also noted the inconsistency with Orta's stipulation that he was injured on May 11, 2015. On March 29, 2016, the single hearing member ruled that Orta had failed to establish by a preponderance of the evidence that he sustained accidental injuries arising out of and in the course of employment on May 11, 2015, and that his claims for TTD benefits and medical care should be denied.

---

[1] Orta also testified on recross-examination that he did not begin light duty until May 11, 2015.

Orta appealed to the full Board, which held a hearing on June 27, 2016. On September 15, 2016, the Board issued an order that provides, in relevant part, as follows:

1. Evidence offered at hearing pertained to both (a) an allegation of an accident arising out of and in the course of Plaintiff's employment with an alleged injury date of either April 30, 2015, in connection with a defective seat on a skid loader, pursuant to Plaintiff's testimony and other documents; and (b) an alleged injury occurring on May 1, 2015, (resulting in a union grievance occurring on that same date) in connection with a lifting accident, based upon medical records and other documents which include a putative agreement alleged to have been entered into to resolve such grievance.

2. Plaintiff sought to present medical records as evidence of treatment provided by Defendant subject to a putative confidential agreement, while at the same time objecting to the admission of the putative agreement itself.

3. In order to fully evaluate the evidence offered at hearing, the Single Hearing Member allowed the admission of all such evidence offered at hearing, distinguishing between the admissibility of such evidence and the weight to be attributed to such evidence once it had been admitted.

4. The Full Board finds that such evidence of injury is not inconsistent in that an alleged injury occurring on April 30, 2015, as a result of a defective loader seat, was aggravated by a lifting accident on the following day, unrelated to an alleged union grievance occurring on that date, which collective injuries resulted in an accident arising out of and in the course of Plaintiff's employment for which Defendant was responsible upon being reported as of May 11, 2015.

5. The weight of the evidence indicates the purported confidential agreement relates to a union grievance unrelated to Plaintiff's worker's compensation claim before the Board, based

upon the plain language of such agreement stating it does not prejudice Plaintiff's worker's compensation claim.

6. Despite the inconsistencies of the date of injury and the mechanism of injury, the dispositive point is that Plaintiff plausibly alleged an injury within the jurisdiction of the Board and Defendant provided authorized treatment when reported regardless of the date of injury, the mechanism of injury and without first resolving it was responsible for such injury under the Act.

7. Defendant authorized medical treatment by Dr. Foreit which began on May 11, 2015, and which concluded with a release of Plaintiff to full duty on July 14, 2015.

## V. CONCLUSIONS OF LAW

1. Plaintiff sustained an accidental injury arising out of and in the course of his employment.

2. Defendant has provided all medical benefits to which Plaintiff is entitled under the Act.

3. Defendant is obligated to pay temporary total disability benefits (TTD) under the Act from April 30, 2015 through July 14, 2015, subject to a credit for any such payments made and designated as TTD.

## VI. AWARD

Based upon the foregoing stipulations, findings of fact and conclusions of law, it is now THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. Plaintiff's award of compensation for TTD shall include a credit for any payments made and designated as TTD for the period between May 11, 2015, and July 14, 2015.

2. Plaintiff's claim for additional medical care as a result of an accident of May 11, 2015, is denied.

3. Attorney fees shall be paid in accordance to I.C. § 22-3-1-4.

Order pp. 1-3. Harsco contends that the Board erred in finding that Orta was entitled to TTD benefits because the evidence establishes that he only began to miss work on July 10, 2015. Orta argues that the Board's order was proper as far as it goes but that the Board erred in not ordering TTD benefits for the period from April 30, 2015, to May 11, 2015.

# Discussion and Decision

## Standard of Review

[6] An appellant faces a deferential standard of review when challenging the Board's findings. *Wimmer Temporaries, Inc. v. Massoff*, 740 N.E.2d 886, 888 (Ind. Ct. App. 2000), *trans. denied*. When reviewing an appeal from a decision of the Worker's Compensation Board, this court is bound by the Board's findings of fact and may consider only errors in the Board's conclusions of law. *Indiana Michigan Power Company v. Roush*, 706 N.E.2d 1110, 1113 (Ind. Ct. App. 1999), *trans. denied*. "However, we may disturb the Board's factual determinations if we determine that the evidence is undisputed and leads inescapably to a result contrary to the one reached by the Board." *Id*.

We employ a two-tiered standard of review: 1) we examine the evidence in the record for competent evidence of probative value to support the Board's findings, and 2) we examine the findings to determine their sufficiency to support the decision. *Wimmer*, 740 N.E.2d at 888. The Board has an obligation to enter specific findings of fact that support its ultimate conclusions of law. *Indiana Michigan Power Company*, 706 N.E.2d at 1113 (citing *Perez v. United States Steel Corp*., 426 N.E.2d 29, 32 (Ind. 1981)). The findings must be stated with sufficient specificity, with regard to contested issues, so as to allow intelligent review. *Id*. In conducting the review, this court will neither weigh evidence nor assess the credibility of witnesses and will consider only the

evidence most favorable to the award, together with all reasonable inferences. *Zike v. Onkyo Mfg., Inc.*, 622 N.E.2d 1055, 1057 (Ind. Ct. App. 1993). Therefore, to prevail, [an appellant] must demonstrate that there was no probative evidence from which the Board might reasonably conclude as it did. *See Wimmer*, 740 N.E.2d at 888.

*Graycor Indus. v. Metz*, 806 N.E.2d 791, 797-98 (Ind. Ct. App. 2004), *trans. denied*.

# I. Whether the Board Erred in Awarding Benefits to Orta

## *Direct Appeal Issue*

## A. Whether the Board Erred in Awarding Orta TTD Benefits

[7] Harsco contends that the Board erroneously awarded Orta TTD benefits at all. TTD benefits are payable pursuant to Indiana Code section 22-3-3-8. ("With respect to injuries occurring on and after July 1, 1976, causing temporary total disability … there shall be paid to the injured employee during the total disability a weekly compensation equal to sixty-six and two-thirds percent (66 $^2/_3$ %) of his average weekly wages … for a period not to exceed five hundred (500) weeks.").

> The purpose of awarding temporary total disability payments under the Indiana Worker's Compensation Act is to compensate an employee for a loss of earning power because of an accidental injury arising out of, and in the course of, his or her employment. *Ballard v. Book Heating & Cooling, Inc.*, 696 N.E.2d 55, 57 (Ind. Ct. App. 1998), *trans. denied.* If the injured worker does not have the ability to return to work of the same kind or character during the

treatment period for the injury, the worker is temporarily totally disabled and may be entitled to benefits. *Id.*

*Cavazos v. Midwest Gen. Metals Corp.*, 783 N.E.2d 1233, 1239 (Ind. Ct. App. 2003).

[8] Harsco's argument is that Orta is not entitled to any TTD benefits because he continued to perform work for Harsco until his termination on July 10, 2015. Orta testified, however, that he was on "light duty" from April 30 to July 10, 2015, tr. p. 13, and was not cleared for full duty until July 14, 2015, which was four days after his termination. This evidence supports a conclusion that Orta did not have the ability to return to work of the same character during his treatment period and was therefore entitled to TTD benefits. *See Cavazos*, 783 N.E.2d at 1239. We conclude that the Board's decision to award Orta TTD benefits was not erroneous.

## *Cross-Appeal Issue*

## B. Whether the Board Erred in Concluding that Orta was not Entitled to TTD Benefits for the Period From April 30 to May 11, 2015

[9] Orta argues that the Board erroneously denied him TTD benefits for the period from April 30, 2015 (when he first began experiencing back pain), to May 11, 2015 (when he filed his application for benefits with the Board). The Board's order, however, clearly awarded Orta "temporary total disability benefits (TTD) under the Act from April 30, 2015 through July 14, 2015[.]" Order p. 3.

# Conclusion

[10] The Board did not err in determining that Orta was entitled to TTD benefits for the period from April 30 to July 15, 2015. Furthermore, pursuant to Indiana Code section 22-3-4-8(f), the amount of the Board's award should be increased by five percent. ("An award of the full board affirmed on appeal, by the employer, shall be increased thereby five percent (5%)[.]").[2]

[11] We affirm the determination of the Board.

Najam, J., and Crone, J., concur.

---

[2] Orta also argues that he may be entitled to an independent medical evaluation and outstanding, additional statutory medical expenses. Orta, however, does not sufficiently develop these arguments or sufficiently support them with citations to the record or authority to allow us to review them.

> It is well settled that we will not consider an appellant's assertion on appeal when he or she has not presented cogent argument supported by authority and references to the record as required by the rules. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). We will not become an advocate for a party, and we will not address arguments that are either inappropriate, too poorly developed, or improperly expressed to be understood. *Id*.

*Lasater v. Lasater*, 809 N.E.2d 380, 389 (Ind. Ct. App. 2004).