SULLIVAN, LONG & HAGERTY and Aetna Insurance Company, Petitioners,

v.

Mark Edmund WARD and the Workers' Compensation Court of the State of Oklahoma, Respondents.

No. 57534.

Court of Appeals of Oklahoma, Division No. 1.

June 29, 1982.

Rehearing Denied Aug. 17, 1982.

Certiorari Denied Improvidently Granted May 31, 1983.*

Released for Publication by Order of Court of Appeals June 3, 1983.

Approved for Publication by Supreme Court June 3, 1983.

Holloway, Dobson, Hudson & Bachman by Charles F. Alden, III, Oklahoma City, for petitioners.

Manners, Cathcart, Lawter, Abney, Pitts & Burke by Jamie Pitts, Oklahoma City, for respondents.

REYNOLDS, Judge:

Sullivan, Long & Hagerty and Aetna Insurance Company appeal from the order of the Workers' Compensation Court, *en banc,* which awarded rehabilitation for Mark E. Ward. Ward was a full-time student majoring in engineering at OSU. He was injured in 1979 while a summer employee of Sullivan, Long & Hagerty. Ward fell from a height of 30 feet while in the course of his employment. The Workers' Compensation Court found that Ward sustained accidental personal injury to both hands, and to his left elbow. He also suffered disfigurement (scarring) to his upper lip and left knee. His right upper central incisor tooth was injured and has died.

Ward was awarded a total of $350 for the disfigurement due to the scars and for the injury to his tooth. He was found to have sustained 40 per cent permanent partial disability to his left arm and 13 per cent permanent partial disability to his right hand. This was combined to total 27 per

---

* Dissent: LAVENDER, DOOLIN, HARGRAVE,     WILSON, JJ.

cent permanent partial disability to the body as a whole. Ward was awarded $9,450.00 in compensation for his disability.

After the determination that he was permanently partially disabled, Ward filed a motion for vocational rehabilitation as provided in 85 O.S.1981, § 16(A) and (C), which states:

A. An employee who has suffered an accidental injury or occupational disease covered by the Workers' Compensation Act shall be entitled to *prompt and reasonable physical and vocational rehabilitation and job placement so as to restore him to gainful employment.* If rehabilitation services are not voluntarily offered by the employer and accepted by the employee, the judge of the Court may on his own motion, or if requested by a party shall, after affording all parties an opportunity to be heard, refer the employee to a qualified physician or facility for evaluation of the practicability of, need for and kind of rehabilitation services or training necessary and appropriate in order to restore the employee to gainful employment. Upon receipt of such report, and after affording all parties an opportunity to be heard, the Court shall order that any rehabilitation services or training, recommended in the report, or such other rehabilitation services or training he may deem necessary, provided the employee elects to receive such services, shall be provided at the expense of the employer. Refusal to accept rehabilitation services by the employee shall in no way diminish any benefits allowable to an employee.... [Emphasis added.]

C. Vocational rehabilitation services or training shall not extend for a period of more than fifty-two (52) weeks. This period may be extended by the Court for an additional fifty-two (52) weeks or portion thereof by special order of the Court, after affording the interested parties an opportunity to be heard. A request for vocational rehabilitation services or training may be filed with the Administrator by an interested party at any time after the date of injury but not later than sixty (60) days from the date of the final determination that permanent disability benefits are payable to the employee.

The Court ordered that Ward be referred for rehabilitation evaluation. Following the receipt of the rehabilitation evaluation, a hearing was held. It was shown that Ward had returned to school, that he had worked as a research assistant part-time during the summer following his accident (1980), and that at the time of the hearing (1981), he was employed part-time as a janitor while attending summer school.

The trial court denied vocational rehabilitation. The Workers' Compensation Court, *en banc,* vacated the order of the trial judge and ordered that claimant be allowed rehabilitation for 52 weeks as "... outlined in claimant's Exhibit # 1...." The exhibit referred to was a letter from a rehabilitation counselor which recommended that Ward be assisted in completing the last 40 hours of his engineering degree. The direct expenses estimated by the counselor totaled $3,993.12. This was the sum of:

| | |
|---|---|
| Tuition for 40 semester hours at $19 per semester hour | 760.00 |
| Fees for Summer school | 18.72 |
| Fees for two semesters at $49.70 each | 99.40 |
| Graduation fee Spring Semester 1982 | 10.00 |
| Books for summer school, estimated | 75.00 |
| Books for two semesters, estimated at $150.00 per semester | 300.00 |
| Rent, 14 months at $195.00 per month | 2,730.00 |
| Total | $3,933.12 |

The intent of 85 O.S.1981, § 16 is to restore employees to gainful employment status. The legislature did not intend to require employers to complete the educations of students hired for temporary summer employment. Although 85 O.S.1981, § 16 provides for "training" it does not require employers to furnish a college education (or graduate education or post-graduate education). The statute reasonably contemplates only *vocational* training which can be completed in from 52 weeks to 104 weeks. The order of the Workers' Compensation Court, *en banc,* is outside the scope of rehabilitation authorized by 85 O.S.1981, § 16.

Further, the provisions of 85 O.S.1981, § 3.6 state:

The Court *en banc* may reverse or modify the decision [of the trial court] only if it determines that such decision was against the clear weight of the evidence or contrary to law.

The decision of the trial court was not against the clear weight of the evidence nor was it contrary to law. The Workers' Compensation Court, *en banc,* was without authority to reverse the trial judge's order. *ITT Continental Baking Company v. Ware,* 620 P.2d 1308 (Okl.1980). The order of the Court, *en banc,* as stated above is hereby vacated.

ORDER VACATED.

WILSON, P.J., and BOX, J., concur.