**Carl Albert COLLARD, Petitioner,**

**v.**

**COLDIRON LINE TRUCKING, Own Risk, and Workers' Compensation Court, Respondents.**

**No. 67542.**

Court of Appeals of Oklahoma, Division No. 2.

July 7, 1987.

Paul F. Fernald, Keller, Fernald & Keller, Oklahoma City, for petitioner.

Chris Sturm, Oklahoma City, for respondents.

BACON, Judge.

This appeal involves a workers' compensation case. It is a case of first impression in Oklahoma. The issue to be decided involves a question of law and does not involve the issue of whether the judgment is supported by competent evidence. The question of law to be decided is whether the trial judge *must* "refer the employee to a qualified physician or facility for evaluation of the practicability of, need for and kind of rehabilitation services" after requested to do so by Claimant. The trial judge said no. We disagree and reverse.

The record shows, and it is undisputed, that Claimant was injured on the job while driving a truck for respondent. Claimant had knee surgery and ultimately was awarded permanent partial disability to his injured leg. Claimant's request for vocational rehabilitation was denied. Claimant appeals only the denial of the request for vocational rehabilitation.

Claimant's sole proposition is that the trial court must order rehabilitation evaluation under 85 O.S.1986 § 16. The part in issue of section 16 (emphasis added) provides:

A. An employee who has suffered an accidental injury or occupational disease covered by the Workers' Compensation Act shall be entitled to prompt and reasonable physical rehabilitation services. When, as a result of the injury, the employee is unable to perform the same occupational duties he was performing prior to the injury, he shall be entitled to such vocational rehabilitation services, including retraining and job placement so as to restore him to gainful employment. *If rehabilitation services are not voluntarily offered by the employer and accepted by the employee, the judge of the Court may on his own motion, or if requested by a party shall, after affording all parties an opportunity to be heard, refer the employee to a qualified physician or facility for evaluation of the practicability of, need for and kind of rehabilitation services or training necessary and appropriate in order to restore the employee to gainful employment.* Upon receipt of such report, and after affording all parties an opportunity to be heard, the Court shall order that any rehabilitation services or training, recommended in the report, or such other rehabilitation services or training as the Court may deem necessary, provided the employee elects to receive such services, shall be provided at the expense of the employer. Refusal to accept rehabilitation services by the employee shall in no way diminish any benefits allowable to an employee. (Footnote omitted).

Claimant relies upon the language of section 16 emphasized above.

Respondent argues the trial court has discretion whether to refer the employee for evaluation. Respondent's argument is that, since that emphasized portion of section 16 states the judge shall refer the employee "after affording all parties an opportunity to be heard," such action is discretionary with the trial judge; otherwise there would be no need for the parties to be heard.

No citation is necessary for the general rule of statutory interpretation that when the legislature says "shall" the directive is mandatory and not permissive. If the leg-

islature had intended for the trial court to have discretion in referring the employee for evaluation, the legislation would have used the word "may" instead of "shall." Under these circumstances we must conclude that the trial judge must refer the employee as directed by section 16 if requested by Claimant to do so. At that stage of the proceedings any party who wants to be heard may be heard for whatever reason, be it to determine the type of rehabilitative evaluation or to whom the referral should be made. However, the statute specifically states the trial judge "shall" refer the employee for evaluation.

For us to hold otherwise, would be rewriting the statute. This we will not do.

The case is reversed and remanded with directions to proceed accordingly.

REIF, Acting P.J., and STUBBLEFIELD, J. (sitting by designation), concur.