**J.D. McCARTY CENTER and the State Insurance Fund, Petitioners,**

v.

**Luis Angel FERNANDEZ, and the Workers' Compensation Court, Respondents.**

No. 83347.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 16, 1994.

Rehearing Denied Nov. 15, 1994.

Certiorari Denied Jan. 18, 1995.

David Custar, Oklahoma City, for petitioners.

Matthew J. Graves, Oklahoma City, for respondents.

## *OPINION*

HUNTER, Judge:

On April 16, 1990, Luis Fernandez injured his knee while performing his job of recreational therapist for the Petitioner, the J.D. McCarty Children's Center. Fernandez underwent two knee surgeries and extensive physical therapy. He was temporarily totally disabled from the date of his accident through October 6, 1991. During this period, while Fernandez was still under a doctor's care, Petitioner fired Fernandez for the excessive absenteeism caused by his medical condition.

On September 21, 1992, the Workers' Compensation Court tried the issue of permanent partial disability. The court awarded Fernandez 26% permanent partial disability and ordered Petitioner to furnish Fernandez with a vocational rehabilitation evaluation. However, the hearing concerning vocational rehabilitation was not held until October 25, 1993, over one year later.

Cheryl Gilmore of Intracorp performed the court ordered vocational evaluation. She proposed three alternatives for Fernandez: (1) providing Fernandez with vocational training to improve his job seeking skills (cost not estimated); (2) providing additional training so that Fernandez could be certified in recreational therapy (cost approximately $3,000—$4,000) or (3) providing additional real estate education (approximate cost $900). Petitioner notified the court that it would offer option number one, but that it objected to the other two options.

While he was waiting for his hearing on vocational rehabilitation, Fernandez was not idle. He testified at the October 25, 1993, hearing that he had made an extensive job search. He wanted to return to his previous job of recreational therapist, but neither Petitioner nor any other entity was willing to hire him. Fernandez testified that prospective employers refused to consider him because of the injury to his knee. He then applied at various positions requiring only unskilled labor, but potential employers refused to hire him because he was overqualified for such positions. Finally, Fernandez enrolled in a vocational course for training as a travel agent. The tuition for the course was $1,095. Travel to and from school cost Fernandez $178.80 calculated at $0.24 per mile. At the end of the fourteen week course, Fernandez was able to secure employment as a travel agent.

At the October 25, 1993, vocational rehabilitation hearing, Fernandez offered proof of his tuition and travel expenses for attending the vocational course and asked that the court order that he be reimbursed for these expenses. He also testified that his former employer had never offered the job training option to him. The court commended Fernandez for his industry and ordered reimbursement for both tuition and travel.

Petitioners appealed to the court en banc. Oral argument was held on March 4, 1994, and the three-judge panel affirmed the judgment of the Workers' Compensation Court.

Before this court Petitioners argue that vocational retraining was not appropriate because Fernandez testified that he was physically able to return to his former position.

### *STANDARD OF REVIEW*

Our review of an en banc decision affirming the original decision of the Workers' Compensation Court is limited to ques-

tions of law. *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 552 (Okla.1984). All findings of fact are conclusive unless they are not supported by competent evidence. *Id.*

### FINDINGS ON REVIEW

Title 85 § 16(A) provides in relevant part:

When, as a result of the injury, the employee is unable to perform the same occupational duties he was performing prior to the injury, he shall be entitled to such vocational rehabilitation services provided by an area vocational-technical school[.]

■ The record reveals competent evidence to support the conclusion of the trial court and the court en banc that Fernandez had done everything within his power to "perform the same occupational duties he was performing prior to the injury." He applied for positions ranging from nurse's aide to recreational therapist. He even tried to return to his former job. Under these circumstances, we find adequate support in the record for the conclusion that Fernandez was unable to perform the same occupational duties he was performing before the injury.

Under § 16(A), the Workers' Compensation Court may order an evaluation of the claimant's need for rehabilitation services or training. Upon receipt of the report and after a hearing, the court shall "order that any rehabilitation services or training, recommended in the report, or such other rehabilitation services or training as the Court may deem necessary, ... shall be provided at the expense of the employer." *Id.*

■ The obvious intent of this provision is to help injured workers procure employment. It is also obvious that the legislature intended to give the Workers' Compensation Court discretion in tailoring a rehabilitation plan to fit an individual worker's needs. We find that the trial court did not abuse its discretion in ordering that Petitioner reimburse Fernandez for the travel expenses and for the vocational training of tuition and which resulted in his becoming gainfully employed.

The en banc decision of the Workers' Compensation Court is SUSTAINED.

GARRETT, V.C.J., and ADAMS, J., concur.