1998 OK CIV APP 61

1998 OK CIV APP 61

**Billy Wayne SMITH, Petitioner,**

v.

**FLEMING FOOD COMPANY, Cigna Insurance Company, and The Workers' Compensation Court, Respondents.**

No. 90485.

Court of Civil Appeals of Oklahoma, Division No. 3.

April 14, 1998.

Gloria E. Trout, Oklahoma City, for Petitioner.

John Kord Hammert, Oklahoma City, for Respondents.

## OPINION

HANSEN, Judge:

¶ 1  Petitioner, Billy Wayne Smith (Claimant), seeks review of the trial court's order denying his request for additional vocational retraining.  Claimant injured his knee while working as an "order selector" in the warehouse of Respondent, Fleming Food Company (Employer).  On February 5, 1997, the trial court awarded Claimant permanent partial disability and ordered Employer to provide Claimant with vocational training at Metro Tech in aviation maintenance technology, which was an 18–month program.  On August 5, 1997, Claimant filed a Form 13 seeking a hearing to change his vocational rehabilitation from aviation maintenance to small engine·repair.  He continued to attend Metro Tech until October 1997, when the school notified him Employer's insurer would no longer fund the program "due to [his] academic progress."

¶ 2  At hearing on November 18, 1997, Claimant testified he did not receive approval from the Workers' Compensation Court to enroll in Metro Tech until a week after

classes started. As a result, he was unable to attend a math refresher course offered during the two weeks prior to the beginning of classes. He said he "walked into the middle of algebra and trigonometry, and I had never seen it before in my life. And I had a test on that first day, and I couldn't even take the test, because I didn't know anything about it." Under cross-examination, he agreed his tests reflected a sixth-to seventh-grade math level, and he had a lot of trouble with the math required for the aviation maintenance program. Employer offered into evidence Claimant's grade reports, reflecting failing grades in eight of thirteen courses. Employer also submitted the reports of a vocational rehabilitation expert, who stated,

It is my opinion that Mr. Smith was not adequately advised with regards to this program. Based on these [pre-admission test] scores, it is apparent that he would not be successful in an area such as "Aviation Math, Physics, and Aerodynamics." In addition, a strong math background is generally required or recommended in programs involving electronics.

In summary, Mr. Smith will not complete this program in 18 months. He already needs to repeat 6 of 11 sections. I do not feel this is an appropriate program, based on his pre-admission test scores and his current scores in the program. Mr. Smith has had excellent attendance, so this is apparently not a factor.

Employer's counsel stated Employer had paid $1,096.70 for tools, $350.00 for books, and $3,180.70 for mileage, and owed $2,900.00 for tuition for Claimant's program.

¶ 3 Claimant testified he wanted to change to a program in small engine repair at Mid–Del Vocational Technical School (Mid–Del). He said Mid–Del was approximately ten miles from his home, whereas Metro Tech was thirty-two miles. The program would take one year, which was less than the time it would have taken him to finish the program at Metro Tech. The tuition would be $700.00 for the entire course, far less than the remaining tuition for the aviation maintenance program. Claimant said he would be able to use the tools already purchased for the small engine repair course.

¶ 4 The trial court ruled,

THAT respondent provided vocational retraining to the claimant in aviation maintenance, which the claimant did not successfully complete.

THAT respondent has discharged its obligation with regard to vocational retraining to the claimant (respondent is obligated to pay in excess of $7,500.00 as a result).

THAT claimant's request for further vocational retraining in small engine repair is DENIED.

THAT the claimant is a pleasant, credible individual and his request to be trained in small engine repair is not unreasonable; however, this is not now the obligation of the respondent.

Claimant appeals, contending he has not been provided sufficient retraining to restore him to gainful employment. Employer argues the trial court has discretion in ordering vocational rehabilitation, and its order is supported by competent evidence.

¶ 5 We agree the trial court's fact findings are supported by competent evidence. At issue, though, is the legal effect of those facts. Vocational rehabilitation is controlled by 85 O.S.Supp.1997 § 16, which provides in pertinent part,

A. An employee who has suffered an accidental injury or occupational disease covered by the Workers' Compensation Act shall be entitled to prompt and reasonable physical rehabilitation services. When, as a result of the injury, the employee is unable to perform the same occupational duties he was performing prior to the injury, he shall be entitled to such vocational rehabilitation services ..., which shall include retraining and job placement so as to restore him to gainful employment.... [I]f the employee refuses the services or training ordered by the court, or fails to complete in good faith the vocational rehabilitation training ordered by the court, then the cost of the evaluation and services or training rendered may, in the discretion of the court, be deducted from any award

of benefits to the employee which remains unpaid by the employer. Upon receipt of such report, and after affording all parties an opportunity to be heard, the Court shall order that any rehabilitation services or training, recommended in the report, or such other rehabilitation services or training as the Court may deem necessary, provided the employee elects to receive such services, shall be provided at the expense of the employer. . . .

B. Vocational rehabilitation services or training shall not extend for a period of more than fifty-two (52) weeks. This period may be extended for an additional fifty-two (52) weeks or portion thereof by special order of the Court, after affording the interested parties an opportunity to be heard.

The use of the word "shall" in this statute indicates the Legislature's intent its directive is mandatory. *Collard v. Coldiron Line Trucking,* 1987 OK CIV APP 52, 740 P.2d 1209, 1210–1211. Therefore, the trial court must grant Claimant such vocational rehabilitation services as will restore him to gainful employment, but may exercise "discretion in tailoring a rehabilitation plan to fit an individual worker's needs." *J.D. McCarty Center v. Fernandez,* 1994 OK CIV APP 121, 889 P.2d 901, 903.

■ ¶ 6 The statute contemplates vocational rehabilitation services will be discontinued only upon the claimant (1) refusing the services, (2) failing to complete the training *in good faith,* (3) exceeding fifty-two weeks of training without leave of court, or (4) completing such retraining as will restore him to gainful employment. The trial court did not find any of these conditions occurred. Claimant failed to complete the aviation maintenance program, but not from lack of good faith on his part. He timely sought to modify his program when it became apparent he was unsuited to the aviation maintenance program. The trial court specifically found his request to be trained in small engine repair was reasonable. We hold the trial court erred in ruling Employer discharged its obligation to provide vocational retraining to Claimant.

¶ 7 Accordingly, the trial court's order is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this opinion.

BUETTNER, P.J., and ADAMS, J., concur.