1998 OK CIV APP 113

**Brian WARREN, Petitioner,**

v.

**OBERLIN COLOR PRESS, National Union Fire Insurance, and The Workers' Compensation Court, Respondents.**

**No. 90500.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 15, 1998.

Certiorari Denied July 8, 1998.

---

Fred L. Boettcher, Walt Brune, Ponca City, for Petitioner,

John A. McCaleb, R. Dale Kimsey, Oklahoma City, for Respondents.

## OPINION

CARL B. JONES, Vice Chief Judge:

¶ 1 Before the Court is a review proceeding brought from an order denying vocational rehabilitation benefits to the Claimant, Brian Warren. At the time of injury, Claimant worked as a laborer moving books off the printing press and stacking them on pallets. While doing this job, he injured his back. That injury necessitated surgery, which rendered him unable to do his previous laborer's duties. Claimant was offered a position at Respondent's place of business which he characterized as entailing certain supervisory duties, which he did not feel comfortable with, and thus did not accept. The trial judge inquired if claimant would take a job with Respondent, Oberlin, if offered one which did not contain supervisory duties, and Claimant's equivocal response was that he would have to think about it. He requested rehabilitative services to train him in the area of computer drafting or electronics.

¶ 2 Claimant produced medical evaluations stating that he was in need of vocational rehabilitation. Respondent similarly produced a report stating Claimant was not in

need of rehabilitative services. The trial judge denied the requested rehabilitative evaluation. In the order of denial the trial judge found that Claimant is capable of performing a number of jobs within his physical restrictions and that Employer offered Claimant a job within his restrictions which Claimant turned down. Whether or not there was such an offer was controverted at trial, but there is competent evidence to support such a finding.

■ ¶ 3 The first paragraph of the order denies Claimant's request for a rehabilitation evaluation. Title 85 Supp.1994 O.S. § 16 A., in effect at the time of this injury, specifically requires a finding of need of rehabilitation to be made by an expert. Contrary to the 1990 version of the same statute, the court is not now required to refer the employee for evaluation of the need and practicability of rehabilitation upon the making of a simple request. The statute states in pertinent part:

> ... If rehabilitation services are not voluntarily offered by the employer and accepted by the employee, the judge of *the Court* may on his own motion, or *if requested* by a party *may,* after affording all parties an opportunity to be heard, refer the employee to a qualified physician or facility for evaluation of the practicability of, need for and kind of rehabilitation services or training necessary and appropriate in order to restore the employee to gainful employment .... (e.a.)

¶ 4 The 1990 version of the same statute gives a mandatory command that the court must refer the Claimant for rehabilitative evaluation, if requested, as follows:

> ... If rehabilitation services are not voluntarily offered by the employer and accepted by the employee, the judge of *the Court* may on his own motion, or *if requested* by a party *shall,* after affording all parties an opportunity to be heard, refer the employee to a qualified physician or facility for evaluation of the practicability of, need for and kind of rehabilitation services or training necessary and appropriate in order to restore the employee to gainful employment .... (e.a.)

¶ 5 In the case of *Collard v. Coldiron Line Trucking,* 1987 OK CIV APP 52, 740 P.2d 1209, the former statute, quoted immediately above, was discussed. There, the Court of Appeals held that the "shall" was mandatory and could not be ignored. Thus, the claimant had an absolute right to be given a rehabilitative evaluation. The pertinent language from that case reads:

> ... No citation is necessary for the general rule of statutory interpretation that when the legislature says "shall" the directive is mandatory and not permissive. If the legislature had intended for the trial court to have discretion in referring the employee for evaluation, the legislation would have used the word "may" instead of "shall." Under these circumstances we must conclude that the trial judge must refer the employee as directed by section 16 if requested by Claimant to do so. At that stage of the proceedings any party who wants to be heard may be heard for whatever reason, be it to determine the type of rehabilitative evaluation or to whom the referral should be made. However, the statute specifically states the trial judge "shall" refer the employee for evaluation. For us to hold otherwise, would be rewriting the statute. This we will not do.

¶ 6 The *Collard* decision foretold the change in the statute which has subsequently occurred; it correctly observed that if the statute had used the word may, the court would have had discretion to refer, or not to refer, the claimant for rehabilitative evaluation. Currently, the statute uses the permissive word may, and not the mandatory word shall. Thus, the trial court is no longer under statutory mandate to refer Claimant for rehabilitative evaluation simply because a party requests it.

■ ¶ 7 In seeking review of the denial of rehabilitation, the Claimant suggests error by reason of failure to grant rehabilitation where the injured employee is not able to perform the precise occupational duty he was performing prior to the injury. Here, Claimant is taking issue with the legal sufficiency of the second paragraph of the trial judge's order. That paragraph reads:

> That based on testimony adduced at trial, the Court finds claimant is capable of

performing a number of jobs within his physical restrictions, Additionally, claimant's former employer offered claimant a job within his restrictions and claimant turned this job down.

The unique aspect of this case is, that while all parties agree Claimant is unable to do the laborer's job he formerly occupied, there is evidence he was offered a job in the same field which involved some supervisory duties which Claimant did not desire. Claimant is seen at this point as taking the position that he must be able to do manual labor or be retrained by the employer, despite the fact there is evidence in the record supporting a determination that employer still desired Claimant's services in the printing field generally. The intent of this section is to provide vocational rehabilitation to injured employees in order to return them to gainful employment status, not to require employers to complete further educational desires of the employee. *Sullivan, Long & Hagerty v. Ward,* 1982 OK CIV APP 32, 665 P.2d 855. The trial judge found that Claimant was capable of, and was offered, work in the same field. There is competent evidence of this. We hold the evidence in the record supporting a determination that Claimant was employable in the same field he was formerly employed in supports the determination of the three-judge panel not to award rehabilitation services.[1]

¶8 In examining the contention that there is no evidentiary basis for an award, or for a denial of one, we review the decision of the three-judge panel under the standard of review set forth in *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548, i.e., this Court must sustain an award if it is supported by any competent evidence and is not contrary to law. As noted, one physician stated that Claimant did not require rehabilitative services at all. Thus, there is evidence that Claimant simply did not require those services, and the decision is supportable on this basis alone. It has been noted in workers' compensation cases, as in other cases generally, if the trial judge reached the correct result for the

wrong reason his order must be upheld. *Shelley v. Kiwash Electric Inc.,* 1996 OK 44, 914 P.2d 669; *Alimenta, U.S.A. v. Sawyers,* 1982 OK CIV APP 41, 654 P.2d 660, 662; *G.A. Mosites Co. of Ft. Worth, Inc. v. Aetna Cas. & Sur. Co.,* 1976 OK 7, 545 P.2d 746. Upon both stated grounds, the decision of the three judge panel must be, and is, sustained.

¶9 SUSTAINED.

JOPLIN, P.J., and GARRETT, J., concur.

---

**1.** The record contains no indication that the offered employment was less lucrative or more burdensome than the former employment, and these factors are deemed material to this inquiry.