1999 OK CIV APP 94

Stacy Laurene KLINGER, Petitioner,

v.

THORN APPLE VALLEY, Own Risk and The Workers' Compensation Court, Respondents.

No. 92,861.

Court of Civil Appeals of Oklahoma. Division No. 2.

Aug. 24, 1999.

Walt Brune, Fred L. Boettcher, Boettcher Law Offices, Inc., Ponca City, Oklahoma, For Petitioner.

Kristi Bynum Russell, Kevin E. McCarty, Caldwell & McCarty, Oklahoma City, Oklahoma, For Respondents.

*OPINION*

STUBBLEFIELD, P.J.

¶ 1 Claimant seeks review of an order of a Workers' Compensation Court three-judge panel, which affirmed the trial court's determination that she was not in need of vocational evaluation. After review of the record on appeal and applicable law, we sustain the order.

¶ 2 Claimant Stacy Laurene Klinger filed her Form 3 on September 9, 1997, alleging that she injured her right shoulder and neck while working on August 27, 1997, for Employer Thorn Apple Valley. She sought temporary total disability (TTD), permanent partial disability (PPD), vocational rehabilitation and supplemental medical treatment. Employer answered, challenging the nature and extent of the injury, as well as the wage rate.

¶ 3 After hearing on November 4, 1998, the trial court found that Claimant had sustained a work-related injury to her neck, upper back, right shoulder and right side. It made a determination with regard to TTD and entered an award. It also ordered Employer to pay all reasonable and necessary medical care in the form of prescription

drugs from a named physician for up to six months with the possibility for extension. The trial court also made a determination with regard to PPD. It found that Claimant had sustained six percent PPD to the body as a whole due to injury to her neck and upper back and five percent PPD to the body as a whole due to injury to her right shoulder. It found that she sustained no PPD to her right side. Thus, the trial court awarded compensation for eleven percent PPD to the body as a whole. No ruling was made relative to Claimant's request for vocational rehabilitation.

¶ 4 Two days after the hearing, on November 6, 1998, Claimant filed a Form 9, again seeking vocational rehabilitation. On January 8, 1999, the trial court entered an order denying vocational rehabilitation benefits, specifically finding that "claimant is actively looking for work and is receiving unemployment compensation; a condition of which is her willingness to work and ability to work." Claimant appealed that ruling to a three-judge panel. The three-judge panel vacated the trial court's language regarding "actively looking for work and receiving unemployment compensation"[1] but affirmed the denial of vocational rehabilitation. Claimant seeks review of that order.

 ¶ 5 It is well established that a decision of a three-judge review panel of the Workers' Compensation Court may not be reversed on appeal if it is supported by any competent evidence. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶ 2, 684 P.2d 548, 551–52; see also *Williams v. Vickers, Inc.*, 1990 OK 108, ¶ 10, 799 P.2d 621, 624. Thus, this court must review the record to ascertain whether there is any competent evidence to support the denial of vocational rehabilitation for Claimant. See *Bostick Tank Truck*

*Serv. v. Nix*, 1988 OK 128, ¶ 3, 764 P.2d 1344, 1346–47.

¶ 6 Although stated as two propositions of error, the issues raised by Claimant are best addressed as one. Claimant maintains that the ruling of the three-judge panel affirming the trial court's determination is contrary to the mandates of "85 O.S. [Supp.1994] § 16(A),"[2] and not supported by any competent evidence. Citing *Smith v. Fleming Food*, 1998 OK CIV APP 61, 957 P.2d 142, Claimant maintains that section 16(A) mandates that she be provided vocational rehabilitation. Section 16(A)(footnote omitted) provides:

An employee who has suffered an accidental injury or occupational disease covered by the Workers' Compensation Act *shall be* entitled to prompt and reasonable physical rehabilitation services. When, as a result of the injury, the employee is unable to perform the same occupational duties he was performing prior to the injury, he *shall be entitled* to such vocational rehabilitation services.... (Emphasis added.)

The *Smith* court stated: "The use of the word 'shall' in [85 O.S. Supp.1997 § 16(A)] indicates the Legislature's intent [that] its directive is mandatory. Therefore, the trial court must grant Claimant such vocational rehabilitation services as will restore him to gainful employment...." 1998 OK CIV APP 61, ¶ 5, 957 P.2d at 144 (citations omitted).

¶ 7 The *Smith* court cited with approval *Collard v. Coldiron Line Trucking*, 1987 OK CIV APP 52, ¶ 5, 740 P.2d 1209, 1210–11. However, Collard was based on the 1986 version of section 16(A), which was substantially different than the version of the law applied in *Smith*.[3]

---

1. The three-judge panel likely was apprized of the ruling in *Stafford v. Welltech*, 1993 OK CIV APP 180, ¶ 2, 867 P.2d 484, 485, which stated: "Claimant's availability to accept some employment in order to be eligible for unemployment compensation creates no conflict with a temporary total state of disability to return to the particular work he did for his employer. Like the court in *Bill Hodges Truck Co. v. Humphrey*, [1984 OK CIV APP 55, ¶ 12] 704 P.2d 94, 96, we conclude '[t]he co-existence of these rights is

mandated by logic and public policy considerations.'"

2. Section 16 was amended by Laws 1997, ch. 361, § 7, eff. Nov. 1, 1997. Thus, claimant's injury sustained on August 17, 1997, falls within the provisions of the 1994 amendments.

3. The court in *Smith* merely recited that section 16 uses the mandatory "shall" but failed to note that the statute had been amended since *Collard*

¶ 8 The law in 1986 began with the language that has remained largely the same in later revisions:

A. An employee who has suffered an accidental injury or occupational disease covered by the Workers' Compensation Act shall be entitled to prompt and reasonable physical rehabilitation services. When, as a result of the injury, the employee is unable to perform the same occupational duties he was performing prior to the injury, he shall be entitled to vocational rehabilitation services.... (Footnote omitted.)

However, the 1986 version of the statute went on to state:

If rehabilitation services are not voluntarily offered by the employer and accepted by the employee, the judge of the Court may on his own motion, or if requested by a party shall, after affording all parties an opportunity to be heard, refer the employee to a qualified physician or facility for evaluation of the practicability of, need for and kind of rehabilitation services or training necessary and appropriate in order to restore the employee to gainful employment. (Emphasis added.)

Under this version of the law, a claimant was entitled to rehabilitative services, and the trial judge was required, on motion of a party, to refer a claimant for rehabilitation evaluation.

¶ 9 The law was amended effective November 4, 1994, to change the word "shall" to "may" in the sentence dealing with referral for evaluation on motion of a party. Thus, the decision to refer for rehabilitation became discretionary with the trial judge in both the instance where the referral is on the court's own motion or on request of a party. *Warren v. Oberlin Color Press*, 1998 OK CIV APP 113, 959 P.2d 609. The term "may" has continued in the statute through several subsequent amendments.

¶ 10 Section 16(A) continues to state that an injured worker "shall" be entitled to prompt and reasonable physical rehabilitative services. However, that mandatory language certainly does not mean that every worker is so entitled. It is modified by subsequent language that the entitlement is for workers who are "unable to perform the same occupational duties," section 16(A), and by the subsequent language directing how entitlement may be determined. That language specifies that rehabilitative services may be voluntarily offered by an employer, or may be ordered by the court on its own motion or motion of one of the parties.

■ ¶ 11 Thus, the determination of whether an employee should be evaluated for rehabilitative services is a matter within the discretion of the trial court. The exercise of that discretion will not be disturbed if there is any competent evidence that Claimant could "perform the same occupational duties [s]he was performing prior to the injury...." Section 16(A).

■ ¶ 12 Herein, Employer's expert stated, in his July 3, 1998, report:

In my opinion, this person has sustained no permanent partial impairment to the cervicothoracic spine, thoracolumbar spine, right shoulder, or due to costochondritis as a result of the above stated accident.

It is also my opinion, this person's period of temporary total disability has ended and she may continue in her present employment. She is in no further need of medical care.

This is competent evidence from which the trial court could have concluded that Claimant could perform the same occupational duties that she performed prior to her injury, and, thus, was not eligible for rehabilitative services. Accordingly, the order of the three-judge panel affirming the denial of rehabilitation evaluation is SUSTAINED.

¶ 13 SUSTAINED.

BOUDREAU, V.C.J., and REIF, J., concur.

---

to replace the "shall" with "may" in the provision addressing the right of the trial court to order a rehabilitation evaluation on motion of a party.